KENNY vs. COLLIER, executor.

1. Breach of contract gives a right of action, whether special damages be alleged or not, and therefore extruding from the declaration all averments of special damages, will not warrant the court in dismissing the action.
2. Where there is a contract at a specific sum for the rent of premises for one year, from and after a future day, in an action thereon by the tenant against the landlord for not admitting him into possession, the measure of damages is the excess in the value of the

| 79 | 743 |
| 93 | 530 |
| 79 | 743 |
| 101 | 778 |
| 79 | 743 |
| 107 | 280 |
| 79 | 743 |
| a112 | 458 |
| 79 | 743 |
| 116 | 787 |
| 79 | 743 |
| 120 | 760 |
| 79 | 743 |
| 121 | 691 |

term over the amount agreed to be paid as rent. If no excess, nominal damages only are recoverable. Anticipated profits from a business intended to be carried on by the tenant upon the premises, are not recoverable.

November 1, 1887.

Contracts. Actions. Damages. Pleadings. . Landlord and Tenant. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

JOHN C. REED ; W. T. MOYERS, for plaintiff in error.

HOKE & BURTON SMITH, for defendant.

BLECKLEY, Chief Justice.

The action was not in any regular technical form, either common law or statutory. The declaration simply stated facts and prayed for process. It annexed, by way of exhibit, a contract under seal, executed in May, 1885, by which the defendant "rented and leased" to the plaintiff a certain store-room and basement, for the term of one year, commencing on the first of October thereafter, at fifty dollars per month, payable monthly in advance. It alleged readiness to perform, and a virtual offer to perform, on plaintiff's part, and a breach of the contract on defendant's part in letting the premises to other parties and refusing to admit the plaintiff into possession. It laid the damages at ten thousand dollars, and averred that the plaintiff waited at great expense until the first of October, relying upon the contract, and believing that he would be put in possession and be permitted to conduct on the premises the business for which they were leased, and in the meantime was offered by a third person $500.00 to yield up his right to the property, which he declined. It alleged that the defendant, knowingly, willfully and without cause, violated his contract, and thereby subjected the plaintiff to

the loss of this $500.00, to great loss and expense in waiting for the time to arrive for entering into possession, and to the loss of profits from his business for the year covered by the contract, which profits would have been not less than $600.00 per month. It nowhere disclosed what the plaintiff's business was, or that the defendant knew or had stipulated anything concerning it. The written contract was silent as to any business or any specific purpose for which the premises were let or were to be occupied and used. The action was commenced in February, 1886.

The declaration was demurred to as setting forth no cause of action, and because the alleged damages were too remote, not susceptible of exact computation, and consisting of a claim for profits from a collateral enterprise; which claim the demurrer insisted should be stricken, as well as the claim for $500.00 offered the plaintiff by a third person. To so much of the declaration as referred to loss and expenses incurred while waiting for the term to begin, the defendant also demurred because they were not subjects of recovery nor pleaded with sufficient clearness.

The plaintiff abandoned his claim for the $500, and for loss and expenses incident to his waiting. The court not only sustained the demurrer as to the claim for profits, but dismissed the action. Both these rulings are drawn in question by the bill of exceptions.

1. There can be no doubt that dismissing the action was a hasty and inconsiderate judgment. The code, §2946, declares, "In every case of breach of contract, the other party has a right to damages." And to the same effect is the common law, according to which, for breach of contract, the plaintiff must necessarily be entitled to some damages. 1 Chit. Pl. *348. The damages abandoned by the plaintiff, and those as to which the court sustained the demurrer, were special damages, and after all these were eliminated, the declaration remained intact as to general damages, that is, such as the law implies, or presumes to have accrued from the alleged breach of contract. Very

likely, under our system of pleading, there ought to have been some allegation as to the value of the term from which the plaintiff was excluded by the defendant's wrongful act, but every contract founded on a valuable consideration is presumed to be of some value to the party from whom the consideration moves, and that is sufficient to hold the declaration in court for the recovery of something. Where there is enough in the declaration to keep it alive, it is amendable at any stage of the proceedings by express provision of the code, §3479.

2. While it is certain that the court erred in dismissing the action, no less certain is it that the demurrer was properly sustained as to the anticipated profits of the year's business. If anything is speculative, remote and contingent, it is the net income from a business never begun, upon premises never occupied, during a period of time but partially elapsed. Less than half of the year had expired when suit was brought. The business was unborn, and so far as appears, no one but the plaintiff knew what business had been conceived. That secret lay concealed in his bosom, and has not yet been published. The cases of *Smith vs. Eubanks*, 72 *Ga.* 280, and *Stewart vs. Lanier House*, 75 *Ga.* 582, each concerned a living business, actually brought forth and conducted on the demised premises; and what is doubtless of much importance, that specific business was in the contemplation of both parties when the contract was made. The measure of damages for not admitting a lessee or tenant into possession at the beginning of the term, is the excess in the value of the term over the amount stipulated as rent. This is the general rule. 3 Suth. Dam. 149; Truth *vs.* Granger, 4 Seld. 115; Green *vs.* Williams, 45 Ill. 208; 42 Am. Dec. 49, notes. There is a different rule applicable where the renting is on shares. Wolf *vs.* Studebaker, 65 Penn. St. 460. The general rule does not deny profits, but confines the recovery to profits arising from the contract itself, the measure of which is the difference between cost and value. If

there be no difference, or if cost be in excess of value, nominal damages only will be recoverable. That anticipated profits from a business intended to be carried on by the plaintiff upon the premises cannot be allowed, is as well-settled as anything can be in an age of legal scepticism. *Red vs. City of Augusta*, 25 *Ga.* 386; Giles *vs.* O'Toole, 4 Barb. 261; Townsend *vs.* Nickerson, 117 Mass. 503; Green *vs.* Williams, 45 Ill. 208 (*supra*).

Judgment reversed.