## 13342.  NICHOLSON *v.* WILLIAMSON.

STEPHENS, J.  1.  The damage suffered by a tenant by virtue of the unlawful termination of his contract of tenancy and eviction by the landlord is the difference between the value of the unexpired term and the amount stipulated to be paid as rent. *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58); *Palmer* v. *Ingram,* 2 *Ga. App.* 200 (58 S. E. 362); *McIntosh* v. *Patton,* 12 *Ga. App.* 305 (77 S. E. 6); 1 Taylor on Landlord & Tenant (9th ed.), § 317.  The value of the term for one year, where the contract is for the rental of land for farming purposes, is the difference between the gross value of the products of the farm less the cost of production.

2.  In a suit by a tenant against the landlord to recover damages alleged to have been sustained by virtue of the unlawful termination by the landlord of the contract of rental of lands for farming purposes, evidence as to the amount contracted to be paid as rent and as to the gross value of the products which could have been made upon the farm is not sufficient to establish the value of the term, in the absence of any evidence tend to show what would have been the cost of production.

3.  However, there being sufficient evidence to authorize the inference that a contract of rental between the parties had been unlawfully terminated by the defendant, thus entitling the plaintiff to recover nominal damages (*Kenny* v. *Collier,* supra), and the petition authorizing a recovery therefor, and the case not having been passed upon by a jury, the judgment awarding a nonsuit must be set aside. *Addington* v. *W. & A. R. Co.,* 93 *Ga.* 566, 569 (20 S. E. 71).

4.  While the value of the term when arrived at as above indicated is a matter of more or less speculation, yet such evidence is sufficient to authorize a jury to make as fair and as just an estimate of the damage sustained by the plaintiff as the necessities of the case will allow, giving due consideration to what the plaintiff himself, in the performance of his contract, might have actually produced upon the premises. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1923.

Action for breach of contract; from Dodge superior court — Judge Graham.  November 17, 1920.

*J. A. Neese, M. J. Carswell,* for plaintiff.

*Charles W. Griffin,* contra.