## 21026. PRICE *v.* BURNS.

STEPHENS, J. 1. The difference between the rent agreed upon in the contract of rental and the rental value of the premises after the tenant shall have made certain improvements upon the premises, which under the terms of the lease he is given an option to make at his own expense, is not the measure of the tenant's damages for a breach of the contract by the landlord in refusing to allow the tenant to go into possession.

2. No loss arising from the lessor's breach of the contract in failing to admit the lessee into possession, was shown to have resulted from the lessee's purchase of material to improve the property, where the lessee did not utilize the material in the improvement of the property, but retained it for his own use.

3. Upon the trial of a suit by the lessee against the lessor, to recover damages for an alleged breach of the contract by the defendant in refusing to admit the plaintiff into possession of the premises, evidence that the plaintiff had incurred expenses in making trips and telephone calls in preparing to improve the premises pursuant to an option to do so which the plaintiff had in the lease, did not show the necessity for such expenses, where it did not appear how and why it was necessary to the performance of the contract by the plaintiff that such trips and telephone calls be made. Civil Code (1910), § 4402; *Freeman* v. *Petty,* 22 *Ga. App.* 199 (4) (95 S. E. 737); *Bernhardt* v. *Federal Terra Cotta Co.,* 24 *Ga. App.* 635 (3) (101 S. E. 588).

4. In a suit by the lessee against the lessor to recover damages for an alleged breach of the contract by the lessor in refusing to permit the lessee to enter into possession of the premises, where the damages prayed for on account of the breach of the contract consisted in the difference between the contract rental and the rental value of the premises, and in alleged expenses incurred by the lessee in complying with the contract, and in an amount representing attorney's fees incurred by the lessee in bringing suit which he was forced to bring on account of the alleged bad faith of the lessor in failing to put the lessee in possession of the premises, and where the only evidence adduced in support of the plaintiff's petition as amended was as indicated above, a nonsuit was properly granted.

  *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

    DECIDED SEPTEMBER 16, 1931.

*C. S. Claxton, J. E. Cook,* for plaintiff.
*E. L. Stephens, A. L. Hatcher,* for defendant.