27442.  MINER v. GRAHAM.

DECIDED JUNE 2, 1939.

O'Neal & O'Neal, A. Leopold Alexander, for plaintiff.
Travis & Travis, for defendant.

BROYLES, C. J.   1.  "Where there is a contract at a specific sum for the rent of premises for one year, from and after a future day, in an action thereon by the tenant against the landlord for not admitting him into possession, the measure of damages is the excess in the value of the term over the amount agreed to be paid as rent. If no excess, nominal damages only are recoverable. *Anticipated profits from a business intended to be carried on by the tenant upon the premises are not recoverable.*" (Italics ours.)   *Kenny* v. *Collier*, 79 *Ga.* 743 (2) (8 S. E. 58) ; *Red* v. *Augusta*, 25 *Ga.* 386, 390, and cit.

2.  In the instant case the plaintiff sued for damages for alleged breach of a contract.  The plaintiff alleged that the defendant agreed to lease to her a cottage in the town of Savannah Beach for a period of one year from April 15, 1938, for a consideration of three hundred dollars; that about a month thereafter the defendant breached the contract by placing another tenant in possession of said premises; and "that by reason of said conduct on the part of defendant petitioner has been damaged in the sum of three hundred and fifty dollars, which is the amount of net profit which she would have made during the season at Savannah Beach, which extends from about May 15th to about September 10th, said loss being proximately caused by the breach of said contract on the part of the defendant."  By amendment all other items of alleged damages were stricken from the petition; and counsel for the plaintiff state in their brief that the only question presented by the bill of exceptions is whether the anticipated profits of the plaintiff can be recovered.

The anticipated profits sued for were speculative, conjectural, and too remote and uncertain to be recoverable.  The cases cited for the plaintiff are not applicable to the facts of this case.  The petition, as finally amended, was properly dismissed on demurrer.

*Judgment affirmed.  MacIntyre and Guerry, JJ., concur.*