30552. WIDEMAN *v.* SELPH *et al.*

DECIDED JUNE 28, 1944.

344

*R. D. Smith,* for plaintiff in error.

*C. A. Christian, Robert R. Forrester,* contra.

SUTTON, P. J. Ollie Selph and Louis Selph filed a suit for damages against Jimmie Wideman. The petition as amended alleged that on December 1, 1941, the defendant employed the plaintiffs as share croppers to prepare the ground, cultivate, and gather the crops, on the terms hereinafter set out, on the old Golden Place in Tift County, Georgia, 11.9 acres of tobacco, 36 acres of cotton, 50 acres of peanuts, 30 acres of corn, 10 acres of watermelons, and 5 acres of cantaloupes; that under the terms of said contract the defendant agreed to furnish the land, one tractor, two mules, all the feed, and one-half of the guano for such crops, and the plaintiffs were to furnish all the labor, all the fuel for said tractor, and one-half of the guano for said crops for the year 1942, and the crops, after they had been made and gathered, were to be divided, share and share alike, between said landlord and croppers; in addition to said obligations of the landlord, as hereinbefore set out, he agreed to advance to the plaintiffs $10 per week, and a sum sufficient for the fuel for said tractor, which sum they were to pay the defendant out of the proceeds of said crops; that the plaintiffs moved on said premises on December 8, 1941, and began immediately to carry out their obligations under said contract; that they prepared for planting and actually planted a 900 square-yard tobacco bed, and broke or turned all the remaining land for preparation for planting the crops as aforesaid; that on April 4, 1942, the defendant sold his entire farm, including the lands hereinbefore described, and delivered possession thereof to the purchaser, thereby evicting the plaintiffs from said premises, and preventing them from further compliance with their contract hereinbefore set out; that up to the date of said eviction they had performed each and every obligation under the contract, and were prevented from continuing thereunder by eviction as aforesaid; that the defendant had furnished to each of said plaintiffs as an advance the sum of $20 per month, said amount totaling the sum of $150, which said sums the plaintiffs admit should be credited upon the amount which they are entitled to recover in this case; (par. 10) that by reason of the breach of said contract by the defendant as hereinbefore alleged the plaintiffs were deprived of the right to continue services

under said contract, the reasonable value of which was and is the sum of $5117.25; that had they been allowed to continue under said contract under a normal year, they would have produced at least 900 pounds of tobacco per acre, ¾ of a bale of cotton per acre, ¾ of a ton of peanuts per acre, 20 bushels of corn per acre, 5 carloads of watermelons per acre, and 16,250 cantaloupes; that the reasonable market value of said crops during the fall of 1942, when the same would have been produced, were as follows, to wit: 27 bales of cotton at $90—$2430; 37½ tons of peanuts at $100 per ton—$3750; 10,710 pounds of tobacco at 20 cents per pound—$2142; 600 bushels of corn at $1 per bushel—$600; 5 cars of watermelons at $100 per car—$500; 16,250 cantaloupes at 5 cents each—$1812.50; said amounts aggregating $10,234.50, the plaintiffs being entitled to one-half thereof, to wit: $5117.25; had the defendant allowed them to have continued under the contract he would have furnished to them during said period for living expenses an additional sum of $170, and the sum of $150 in advance for fuel, leaving the defendant indebted to them the sum of $4647; that after the breach of said contract by the defendant and after the plaintiffs were forced to vacate said premises, they procured employment from other sources and jointly earned the sum of $1350, which they admit should be deducted from the amount sued for, the sum sued for being $3297.

The defendant demurred to the petition, generally and specially, on the grounds: that it set forth no cause of action; that the facts set out were not sufficient to authorize the relief sought; that the damages which the plaintiffs sought to recover were uncertain, speculative, remote, and contingent, and not recoverable. The defendant demurred specially to paragraph 10 of the petition for the reason that the facts therein set out were not sufficient to charge the defendant therewith, and because such facts were in their very nature, speculative, remote, uncertain, and contingent. The court overruled the demurrers, and the exception here is to that judgment.

■ This is a suit for damages by croppers against a landlord for an alleged breach of contract. The petition alleges the nature and terms of the contract, the breach thereof by the defendant, and the damages sustained by the plaintiffs on account of the breach. The plaintiffs sue for what they contend would have been

the value of their part of the crops (less certain deductions) had they not been prevented from making the crops. The crops, or the value thereof, would be the direct fruit of the contract in question, and the loss thereof, under the allegations of the petition, can be traced directly to the breach of the contract. "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." Code, § 20-1407. Such damages are not too remote, speculative, or uncertain to be recovered, as contended by the defendant in his demurrer. Code, § 20-1406; *Tygart* v. *Albritton,* 5 *Ga. App.* 412 (63 S. E. 521); *Perdue* v. *Cason,* 22 *Ga. App.* 284 (96 S. E. 16); *Reynolds* v. *Speer,* 38 *Ga. App.* 570 (4); (144 S. E. 358); *Surrency* v. *O'Quinn,* 45 *Ga. App.* 455 (2) (165 S. E. 171); *Anderson* v. *Hilton & Dodge Lumber Co.,* 121 *Ga.* 688 (49 S. E. 725).

■ The right of action arose upon the breach of the contract; and the damages sued for in the present case are the alleged value of the plaintiffs' part of the crops for the year 1942, that being the year for which the contract was made. This is an appropriate measure of damages in such a case where the trial is had after the expiration of the term of the alleged contract. While the petition in this case was filed in June, 1942, it was amended in September, 1943, and the trial is yet to be had at some future date. Besides, there was no demurrer with respect to an immediately appropriate measure of damages. *Perdue* v̇. *Cason,* supra.

■ The petition set out a cause of action, and the court did not err in overruling the demurrers thereto.

*Judgment affirmed.* *Felton and Parker, JJ., concur.*