31333.   SHIVER *v.* BURKETT *et al.*

DECIDED SEPTEMBER 5, 1946.

*W. C. Forehand, E. L. Smith,* for plaintiff in error.

*Ford & Houston, J. H. Pate, Williamson & Crowe,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ The

measure of damages for not letting a lessee or tenant into possession at the beginning of the term is the excess in value of the term over the amount stipulated as rent. *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58). The value of the term for one year, where the contract is for the rental of land for farming purposes, is the difference between the gross value of the products of the farm less the cost of production. *Nicholson* v. *Williamson,* 29 *Ga. App.* 692 (116 S. E. 321). In the present case, the plaintiffs in their amended petition alleged the kind of crops which they had planned to plant on the lands, the number of acres which they would have planted in each, and the yield which they would have made, the cost of producing the crops, and the net amount which they would have realized from the farm if they had been permitted to cultivate it for the term provided by their rental agreement. The amount of rent was listed as part of the cost of producing the crops. The defendant demurred to these allegations upon the grounds that they were irrelevant and were too speculative and remote to form the basis of any recovery against him, and the petition was demurred to on the ground that no proper measure of damages was set forth. The court did not err in overruling these demurrers. "While the value of the term when arrived at as above indicated is a matter of more or less speculation, yet such evidence is sufficient to authorize the jury to make as fair and as just an estimate of the damage sustained by the plaintiff as the necessities of the case will allow, giving due consideration to what the plaintiff himself, in the performance of his contract, might have actually produced upon the premises." *Nicholson* v. *Williamson,* supra. Also see *Miller* v. *Townley,* 57 *Ga. App.* 645 (196 S. E. 80) ; *Williamson* v. *Payne,* 30 *Ga. App.* 652 (118 S. E. 598) ; *Wideman* v. *Selph,* 71 *Ga. App.* 343 (30 S. E. 2d, 797).

The cases of *Kenny* v. *Collier,* supra, *Miner* v. *Graham,* 60 *Ga. App.* 189 (3 S. E. 2d, 211), and *Palmer* v. *Ingram,* 2 *Ga. App.* 200 (58 S. E. 362), cited and relied on by the plaintiff in error, are distinguishable on their facts from the present case, and do not authorize or require a ruling in this case different from the one herein made. In *Kenny* v. *Collier,* supra, the property was a storeroom and basement, and the court said in its opinion: "It nowhere disclosed what the plaintiff's business was, or that the defendant knew or had stipulated anything concerning it. The

written contract was silent as to any business or any specific purpose for which the premises were let or were to be occupied and used." But in the present case it was alleged that the property was rented for farming purposes, and the allegations of the petition set out the kind of crops intended to be planted, the reasonable yield to be expected therefrom, and the costs of production and market value of the various crops which the plaintiffs had planned to plant on the rented lands. In *Miner* v. *Graham,* supra, the property rented was a cottage, and the damage alleged was "the amount of net profit which she [the plaintiff] would have made during the season at Savannah Beach, which extends from about May 15th to about September 10th;" and, while the petition alleged that the property was rented or leased to be used as a boarding-house, no facts were alleged to show that the actual value of the term was in excess of the stipulated rent, or that the plaintiff would have in fact made a new profit had she been allowed to operate a boarding house in said cottage for the term for which it was rented. In *Palmer* v. *Ingram,* supra, the court held that it was error "to allow as damages the difference in the stipulated rent and the gross value of the products of the farm for the year of the lease, without any deduction for cost of production." In the present case, the cost of producing the crops is deducted from the gross value of the products of the farm, and the net profit is alleged to show the excess in value of the term over the stipulated rent.

■ The defendant demurred specially to paragraph 7 of the petition which set out: "That, after delivery of said note to defendant, and prior to said effort to return it, and as part of reasonable and necessary preparation to operate said farm on said land during the year 1943, petitioners incurred the following expenses and obligations to wit: they paid out $798 for corn; they advanced $69.62 to induce one employee for 1943, Harry Only, to accept such employment on said farm; paid out $225 for two additional mules; incurred divers and other expenses; contracted for $37 worth of hay already; made truck trip worth $25 reasonably in order to move said employee, Harry Only, from Lakeland, Georgia, to Worth County; paid out $500 on purchase of a tractor, and became indebted for $600 additional on purchase-price of said tractor; and petitioners contracted with five employees to employ them on said farm and to provide houses for them and their families there-

on during 1943; and it is impossible to compute the exact loss, damage, and liabilities which petitioners have incurred to and concerning said employees, if petitioners are wrongfully deprived of said farm during the year 1943 by defendant." The grounds of demurrer are that: "(a) such items are not proper items of damage to be claimed by the plaintiffs; (b) it is not alleged which, if any, of said items caused plaintiffs any loss; (c) the said plaintiffs fail to set forth what became of the corn, mules, hay, the employees, or the tractor referred to in said paragraph, and no allegation is contained in said paragraph or elsewhere in the petition that any loss occurred to plaintiffs in connection with the same."

We think that the demurrer should have been sustained. The mere fact that the plaintiffs had purchased certain property in preparation to comply with the terms of the rental contract, without any facts alleged to show that the plaintiffs sustained a loss by reason of such purchase, does not show a proper item of damage for breach of the contract. The gross expenditures made by the plaintiffs in purchasing mules and equipment and in securing employees to work on the farm, it not appearing that the plaintiff actually sustained any loss thereby, were not proper items of damage for breach of the contract of rental. In this connection, see *Price* v. *Burns,* 43 *Ga. App.* 821 (160 S. E. 531); *Bernhardt* v. *Federal Terra Cotta Co.,* 24 *Ga. App.* 635 (3) (101 S. E. 588); *Harrell* v. *Southern Ry. Co.,* 14 *Ga. App.* 451 (81 S. E. 384); *Palmer* v. *Hall,* supra. The court erred in not sustaining the special demurrer to paragraph 7 of the petition and in not striking it.

No harmful error is shown by the exceptions to the overruling of the other grounds of special demurrer.

In special ground 4, the plaintiff in error contends that the court erred in allowing the plaintiff Dorminey to testify during the trial that he bought four mules for himself and lost $100 on them, over the objection that there was no allegation in the petition of any loss claimed to be due by reason of the purchase of mules. We think that this objection was well taken, and that the court erred in overruling it and in allowing the testimony. While the plaintiffs did allege that they "paid out $225 for two additional mules," there was no allegation in the petition of any loss sustained thereby. Irrespective of whether or not the demurrer to the above

allegation should have been sustained, there was no averment in the petition setting up any loss in connection with the purchase of four mules, and the defendant was entitled to know by the plaintiffs' pleadings what elements of damage were claimed by them in the court below. There being no pleadings in this case to authorize the introduction of testimony as to any loss by reason of the plaintiffs having purchased four mules, the objection to the testimony was good, and the court erred in overruling the objection and in allowing the testimony.

■ In special ground 5, the plaintiff in error contends that the court erred in allowing the defendants in error to show the different varieties of crops which they had planned to cultivate on the land in question, the number of acres in each crop and the estimated reasonable yield and value thereof, and the estimated reasonable cost of production. The objection to this testimony was that it was irrelevant, immaterial, and speculative. In ruling on the objection, the court instructed the jury: "The foundation of this action, of course, is the contract; and the plaintiffs in the case are suing for the difference in what they agreed to pay for the rental of the land [and] what the land's actual rental value was. Now it may be that in the course of the investigation they will inquire into the farming operations, or what might have resulted from their farming operations, but that evidence is admitted solely for the purpose of enabling you to arrive at what the actual difference [was] between the rental value and what they agreed to pay for the land." It was held in *Nicholson* v. *Williamson,* supra, that, "While the value of the term when arrived at as above indicated is a matter of more or less speculation, yet such evidence is sufficient to authorize a jury to make as fair and as just an estimate of the damage sustained by the plaintiff as the necessities of the case will allow, giving due consideration to what the plaintiff himself, in the performance of the contract, might have actually produced upon the premises." The evidence was not inadmissible for any reason assigned, and the judge did not err in overruling the objection and in allowing the testimony.

■ In special ground 6, the plaintiff in error contends that the court erred in requiring him, while on cross-examination, to answer the question, "Mr. Shiver, since this suit has been filed against you, you have rigged up a sale of the place to your brother,

haven't you?" over the objection that it was irrelevant, immaterial, and highly prejudicial. In passing on this objection, the court ruled: "As this involves a suit for damages, I think the disposition of the property would be proper for the consideration of the jury." We think that the objection was good, and that the court erred in overruling the objection and in allowing the defendants in error to show that the farm had been sold by the plaintiff in error since the action had been filed. All equitable features of the case had been abandoned, and the action was tried as one at law for the recovery of damages for the breach of a contract to rent farm lands for the term of one year. The solvency or worldly circumstances of the plaintiff in error were not an issue of the case, and the evidence, that he had "rigged up a sale of the place to his brother" since the institution of the action for damages against him, was not illustrative of any issue of the case. See *Georgia Railroad* v. *Homer*, 73 *Ga.* 251, 257; *Smith* v. *Satilla Pecan Orchard &c. Co.*, 152 *Ga.* 538 (3), 545 (110 S. E. 303).

As the case is being reversed, it is not necessary to pass on the question whether the verdict was authorized by the evidence.

The trial judge erred in overruling the special demurrer, as set out in division 2 above, and in overruling special grounds 4 and 6, as dealt with in divisions 4 and 6 of this opinion.

*Judgment reversed. Parker, J., concurs. Felton, J., concurs in the judgment.*