31680. CARUSOS *et al. v.* BRIARCLIFF INC. *etc. et al.*

DECIDED OCTOBER 29, 1947. ADHERED TO ON REHEARING DECEMBER 18, 1947.

350

W. E. Armistead, Swift Tyler, for plaintiffs.

James A. Branch, Thomas B. Branch Jr., Bruce F. Woodruff, Philip Etheridge, for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ The contract sued upon was made October 9, 1939, and the alleged breach thereof occurred on November 24, 1944. Briarcliff Plaza Inc. was not chartered until January 16, 1945, almost two months after the cause of action accrued. The petition did not allege that the defendant, Briarcliff Plaza Inc., had any connection with the making of the alleged contract or induced Briarcliff Inc. to break the contract. The court therefore properly sustained the

general demurrer of the defendant Briarcliff Plaza Inc. See *Moore* v. *Diamond Match Co.*, 182 *Ga.* 438, (185 S. E. 814).

*Peoples Loan Co.* v. *Allen*, 199 *Ga.* 537 (34 S. E. 2d, 811), cited by the plaintiffs, is not applicable to the facts in the instant case, because there the conspiracy continued after the charter was granted to said corporation. In the instant case, the cause of action accrued prior to the granting of the charter.

■ Sub-ground (d) of grounds 1 to 3 inclusive and 5 to 20 inclusive of the demurrer of the defendant, Briarcliff Inc., it will be recalled is in the following language: "said allegations attempt to lay the basis a measure of damages that is not a true legal measure of damages for any cause of action set forth in the petition." In *Maggioni* v. *Postal Telegraph-Cable Co.*, 28 *Ga. App.* 55 (110 S. E. 309), the language of the special demurrer therein, with reference to the measure of damages, was as follows: "because the allegations as to the amount of damage suffered by the plaintiffs are not sufficient, under the law, to show that the amount prayed for is the lawful measure of damage, or that said amount could be lawfully recovered herein." In headnote 2 (*a*) of said case it was held that this ground was not sufficiently specific and that the court erred in sustaining it. A comparison of the language of the demurrer in the instant case and in the *Maggioni* case, supra, indicates a possible lack of specificness of the demurrer in the instant case. However, in view of the importance of a decision on the merits of the instant case with reference to the proper measure of damages, and inasmuch as the language in the two cases is not sufficiently identical to require a holding against the demurrer in the instant case, the same is being given consideration. The measure of damages recoverable for a lessor's breach of covenant not to rent other stipulated premises for a competing business is the difference in value between the plaintiffs' leasehold with the covenant against competition unbroken and the same leasehold with the covenant broken. The value of said leasehold is not controlled by the stipulated rental therefor, nor the profits which the tenant could have realized from the operation of his business without the adjacent competing business. However, allegations and evidence of loss of profits are material to show the damage sustained by the lessee, in accordance with the rule

herein stated. See 32 Am. Jur. 163; *Sturgis* v. *Frost*, 56 *Ga.* 189 (5); *Juchter* v. *Boehm*, 67 *Ga.* 535 (5); Parker *v.* Levin, 285 Mass. 125; *Hayes* v. *Atlanta,* 1 *Ga. App.* 26 (6). A covenant contained in a lease, binding the landlord not to rent adjacent property to another to conduct a competitive business, is placed in such lease for the benefit of the lessee who first rents from the landlord for the purpose of conducting a specific business upon the premises leased without competition within a close proximity of such business. Such a provision contained in a lease is binding on the landlord and his violation thereof constitutes a breach of the contract. See *Rosen* v. *Wolff,* 152 *Ga.* 578 (110 S. E. 877). We have been unable to find a decision of either of the appellate courts of this State directly in point fixing the proper measure of damages in such cases. However, it appears that the weight of authority fixes the rule as herein stated. Although in the instant case the plaintiffs seek to lay a basis for recovery on the loss of future profits, which is not the true legal measure, nevertheless evidence thereof is admissible and pleadings in support thereof proper in order that the jury may properly estimate the value of the leasehold estate before and after the covenant is broken. Therefore, a recovery for loss of profits occasioned by a breach of contract when properly pleaded and proved may indirectly be had. Evidence of the rental value would also be admissible in order to determine the value of the leasehold for whatever weight the jury trying the case might see fit to give it, but the same does not control the value of the leasehold. See *Hayes* v. *Atlanta,* supra; *Brunswick &c. R. Co.* v. *Hardey,* 112 *Ga.* 604 (37 S. E. 888, 52 L. R. A. 396). In *Bass* v. *West,* 110 *Ga.* 703 (36 S. E. 244), Mr. Justice Cobb speaking for the court stated: "If a person is wrongfully deprived of the use and occupancy of premises in which an established business is being carried on, he may recover damages for the injury done his business. He cannot, however, even in such a case, recover for loss of profits and the value of the good-will of his business as such, but evidence as to these may be introduced to throw light on the value of his leasehold estate. Where the amount of the profits lost and the value of the good-will of the business can be ascertained with a reasonable degree of certainty, they should be allowed in estimating the value of the lease for the purpose for which it was being used."

■ The exact verbiage of the sub-grounds (a to d) inclusive and as to a number of the paragraphs of the petition, also (e) and (f), has been set forth in the statement of facts, and these sub-grounds are now being more fully discussed. It will be noted that these sub-grounds of the special demurrer of the defendant Briarcliff Inc. are interposed to the whole of each paragraph of the petition under attack except paragraph 11, wherein only a part of the paragraph is demurred to, but even in that case the same part of said paragraph is attacked by each sub-ground of the demurrer contained in (a to d) inclusive. The rule is well established in this State that a special demurrer goes to the structure merely, not to the substance; it must distinctly and particularly specify wherein the defect lies, and the party thus demurring is obliged to lay his finger on the very point contended to be defective. See *Martin* v. *Bartow Iron Works*, 35 *Ga.* 323; *Douglas, Augusta & Gulf Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550 (59 S. E. 600). Therefore it follows, for example, where a part of the language of the petition demurred to is subject to the criticisms contained in a sub-ground, and a part not so subject, and said sub-ground fails to point out the particular part of the petition claimed to be subject to these criticisms, such demurrer is itself defective and not sufficient for consideration. Paragraph 12 of the petition relates to the struggle of the plaintiffs in establishing their business on the leased premises. Said allegation is immaterial. Paragraphs 21, 22, 23, 24, 25, and 27 relate to alleged connections between the defendants Briarcliff Inc. and Briarcliff Plaza Inc. These paragraphs are immaterial, as held in headnote 1 and division 1 of this decision. Therefore, the judgment of the trial court sustaining grounds 2 (a), 7 (a), 8 (a), 9 (a), 10 (a), 11 (a), and 13 (a) of the demurrer to the foregoing enumerated paragraphs of the petition is without error. The whole of paragraph 28 constitutes conclusions of the pleader, which are not sustained by any facts set forth in the petition. The whole of paragraphs 33 and 35 attempts to lay a basis for a measure of damages that is not the true legal measure of damages in this case. For the foregoing reasons, the judgment of the trial court sustaining grounds 14 (e), 18 (d), and 20 (d) was without error.

■

Books and records showing transactions between the defendants Briarcliff Inc. and Briarcliff Plaza Inc., as well as the identity of the stockholders of each of said corporations are irrelevant. Therefore the judgment of the trial court sustaining grounds 21 and 22 to paragraphs (b) and (c) of the prayer of the petition was without error.

The trial court erred in sustaining ground 1 to paragraph 11 of the petition, because (a) said part of said paragraph is material to show the value of the leasehold; (b) the same is germane because it is material; (c) since the same is material and germane, even if its effect is prejudicial, the plaintiffs are entitled to plead it; and (d) the language of said part of said paragraph is not subject to the criticism of sub-ground (d), because the same language would fit perfectly into a petition predicated upon the true ground to show profits incident to establishing the value of the leasehold.

Parts of paragraphs 13, 16, 17, 26, 30, 31, 32, and 34, which are attacked by grounds 3 (a to d inclusive), 5 (a to d inclusive), 6 (a to d inclusive), 12 (a to e inclusive), 15 (a to e inclusive), 16 (a to e inclusive), 17 (a to e inclusive), and 19 (a to f inclusive), are material, germane, and are properly pleaded allegations. Other parts of the same are subject to one or more of the criticisms contained in the sub-grounds of said demurrer attacking said pleadings. However, since the sub-grounds of said demurrer failed to point out what parts of said paragraphs are defective, and since parts of the same are not subject to the attacks thus made, said grounds of demurrer are insufficient in that the same do not distinctly and particularly specify wherein the defect lies. The party demurring has failed to lay his finger on the very point contended to be defective. Therefore the trial court erred in sustaining these grounds of the demurrer.

The trial court erred in sustaining ground 4 of the demurrer to paragraph 14 of the petition, because the allegations contained therein are material to show the connection of the defendant Briarcliff Inc. prior to and at the time of the alleged breach of the contract.

With all parts of the petition to which special demurrers were interposed stricken, and all parts of the petition restored

where the same should have been overruled, the petition sets out a contract and a breach thereof. Although the petition alleged the wrong measure of damages, and said allegations have been stricken, under the allegations of the petition as it now stands the plaintiffs would be entitled at least to nominal dam-, ages. The court, therefore, erred in sustaining the general demurrer. See *Cothran* v. *Witham,* 123 *Ga.* 190; *Crane* v. *Massey,* 181 *Ga.* 482; *Southern Railway* v. *Birch,* 66 *Ga. App.* 270; *Liberty Lumber Company* v. *Silas,* 181 *Ga.* 774 (184 S. E. 286).

The petition having failed to set forth a cause of action against the defendant, Briarcliff Plaza Inc., the judgment of the trial court sustaining the demurrer of said defendant to said petition is without error. The petition having set forth a cause of action against the defendant, Briarcliff Inc., the court erred in sustaining the general demurrer and in dismissing the petition. The court also erred in respect to the sustaining of certain of the special demurrers, as set forth in this decision.

*Judgment affirmed as to Briarcliff Plaza Inc., and reversed as to Briarcliff Inc. MacIntyre, P. J., and Gardner, J., concur.*