## 55778. FARMERS MUTUAL EXCHANGE OF BAXLEY, INC. v. DIXON.

WEBB, Judge.

1. FMX's motion for summary judgment was denied, and we granted immediate review upon application. The entire record was not then before us, and now, after consideration of the pleadings, depositions and affidavits in response to the motion for summary judgment, it is clear to us that FMX failed to carry the burden that no genuine issue of material fact existed. *Fountain v. World Fin. Corp.*, 144 Ga. App. 10 (240 SE2d 558) (1977) (cert. den.).

2. FMX consented to the order adding M. A. Dixon, Jr. and Charles Howard Dixon as parties plaintiff, and cannot now be heard to protest that such joinder was a change of parties prohibited by Section 15 (c) of the CPA (Code Ann. § 81A-115 (c)). It had sufficient notice through its interrogatories of the interests of the additional parties in the claim asserted in the original complaint, and can plead neither surprise nor prejudice by their joinder under CPA § 20 (Code Ann. § 81A-120).

3. The assertion that the amended suit was barred by the statute of limitation is likewise without merit since the question of relation back of the amendment also turns on fair notice of the same general fact situation from

which the claim arises. *Gordon v. Gillespie,* 135 Ga. App. 369 (1) (217 SE2d 628) (1975); *Sam Finley, Inc. v. Interstate Fire Ins. Co.,* 135 Ga. App. 14 (2) (217 SE2d 358) (1975).

4. The instant suit was based on implied warranty of merchantability and fitness pursuant to UCC § 109A-2—314. The complaint alleged that the hybrid seed corn sold by the defendants was defective and not fit for the ordinary purpose for which it was sold, to produce corn. Depositions of plaintiffs and their expert and other witnesses were to the effect that sterile male corn had been mixed with seed corn; that sterile male corn does not produce ears of corn; and that FMX knew the corn was purchased as seed corn and sold it as such. FMX introduced expert testimony that male sterility is genetically impossible in Coker 71 seed, the hybrid variety which was sold. Thus a fact question was presented as to whether the seed corn was defective.

"[A] Warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . .Goods to be merchantable must be at least such as. . .are fit for the ordinary purposes for which such goods are used. . ." Code Ann. § 109A-2—314 (1) and (2) (c). "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is. . .an implied warranty that the goods shall be fit for such purpose." Code Ann. § 109A-2—315.

Where there is evidence of a defect in the goods which renders them unfit for the ordinary purposes for which such goods are used, the vendor may be held liable under the UCC. *Pierce v. Liberty Furniture Co.,* 141 Ga. App. 175, 176 (3) (233 SE2d 33) (1977). Since the evidence here clearly raises the material issue of such a defect, summary judgment will not lie.

5. The general rule that the loss of expected profits cannot be recovered does not apply where evidence of such loss is shown with reasonable certainty. *Kitchens v. Lowe,* 139 Ga. App. 526, 529 (3) (228 SE2d 923) (1976). "The rule against the recovery of vague, speculative, or

uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted." *Ayers v. John B. Daniel Co.,* 35 Ga. App. 511, 512 (1) (133 SE 878) (1926); *Summerfield v. Decinque,* 143 Ga. App. 351, 352 (2) (238 SE2d 712) (1977).

In the present case there is no uncertainty that the alleged cause of damage was defective seed corn. If plaintiffs can establish by comparison to corn crops grown on land in the same planted field, with the same soil, the same brand of seed, fertilized and cultivated in the same manner, and planted at the same time and under identical weather conditions, then the damages would not be too speculative and conjectural for a jury to determine.

*Appeal dismissed. Quillian, P. J., concurs. McMurray, J., concurs in the judgment only.*

ARGUED MAY 3, 1978 — DECIDED JUNE 6, 1978 — REHEARING DENIED JULY 13, 1978 —

*Alston, Miller & Gaines, G. Conley Ingram, G. Bruce Cunningham,* for appellant.

*Miles & McCoy, Peyton Miles, Highsmith & Highsmith, J. H. Highsmith,* for appellee.