## 58158. BASS v. CARPENTER.

SHULMAN, Judge.

Plaintiff brought suit against defendant for breach of a purported lease agreement, wherein plaintiff had allegedly agreed to rent 101 acres of farm land from the defendant (for the purpose of growing corn) at the price of $26 per acre. From a judgment awarding plaintiff $1,000 in damages, defendant appeals. We affirm.

1. Appellant contests appellee's recovery of damages, as based on lost profits, claiming that under the circumstances of this case lost profits are too remote and speculative to be recoverable. We cannot agree.

"The general rule that the loss of expected profits cannot be recovered does not apply where evidence of such loss is shown with reasonable certainty. [Cit.] 'The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted.' [Cits.]" *Farmers Mut. Exchange v. Dixon,* 146 Ga. App. 663 (5) (247 SE2d 124).

Plaintiff presented evidence as to the approximate number of bushels of corn he would have been able to harvest from the rented land. Through testimony of his own experience as a farmer and by the testimony of a neighboring farmer (who had farmed corn at approximately the same time of year), plaintiff presented evidence as to the expenses involved in farming corn and the sale price of a bushel of corn. Thus, the plaintiff produced evidence estimating the net profit he would have made had defendant honored the purported lease agreement.

We find, therefore, in accordance with *Wideman v. Selph,* 71 Ga. App. 343 (1, 2) (30 SE2d 797), that damages of lost profits were not too remote or speculative to be recovered in the case at bar. This enumeration of error is without merit.

2. Defendant submits that the court erred in instructing the jury on nominal damages, contending that plaintiff's petition alleged only special damages. However, since plaintiff amended his original complaint to include a prayer for nominal damages, we find no error in the court's charge.

3. In his last enumeration, appellant urges that, as a matter of law, there was no evidence of consideration for the purported lease agreement. We cannot agree.

The agreement, signed by both parties, stated that as consideration of, and in exchange for, payment to the defendant of $26 per acre, defendant agreed to lease to plaintiff certain of defendant's land. Contrary to defendant's contentions, the fact that she did not receive payment at the time she signed the agreement does not render the agreement void for lack of consideration. *Kirkland v. Odum,* 156 Ga. 131, 135 (118 SE 706); *Nelson v. Woods,* 205 Ga. 295 (2) (53 SE2d 227).

The foregoing enumerations of error being without merit, the judgment of the court below is affirmed.

*Judgment affirmed. Quillian, P. J., McMurray, P. J., Smith, Banke, Birdsong and Underwood, JJ., concur. Deen, C. J., concurs specially. Carley, J., dissents.*

SUBMITTED JULY 2, 1979 — DECIDED
NOVEMBER 14, 1979.

*Malcolm F. Bryant, Jr.,* for appellant.
*D. Duston Tapley, Jr.,* for appellee.

DEEN, Chief Judge, concurring specially.

Judge Shulman's majority opinion appears to me to be correct. Judge Carley's dissent would of course make it impossible ever to collect damages based on profits to be made from use of land where the landlord thereafter refuses entry prior to the commencement of the lease.

I do not understand that this is what *Kenny v. Collier,* 79 Ga. 743, 745 (8 SE 58) (1887) (on which Judge Carley relies) holds. Further, that case was distinguished in *Shiver v. Burkett,* also cited in the dissenting opinion (74 Ga. App. 195, 199 (39 SE2d 431) (1946)) stating that "the

evidence is sufficient to authorize the jury to make as fair and as just an estimate of the damage. . . as the necessities of the case will allow." It is obvious that if this were not the case no damages could ever be proved where there is a contract for an agricultural use. In point of fact, *Wideman v. Selph,* 71 Ga. App. 343 (30 SE2d 797) (1944), followed by Judge Shulman relies on the later Supreme Court case of *Anderson v. Hilton &c. Lumber Co.,* 121 Ga. 688, 691 (49 SE 725) (1904) which, being a seven-judge case, must take precedence over *Kenny,* a three-judge case. *Anderson,* holds that the appellant was correct in suing for "the profits which would have been the immediate result of his operating a mill which the plaintiff had agreed he might operate [on the land] when it stipulated that he should cut the trees and saw them into lumber for purposes of sale." Here, as in *Wideman,* the lessee seeks damages which would have been the immediate result of his operating a farm which the plaintiff had agreed he might operate on the plaintiff's property. I would follow the majority opinion.

CARLEY, Judge, dissenting.

I respectfully dissent from the majority's holding in Division 1 that "in accordance with *Wideman v. Selph,* 71 Ga. App. 343, (1, 2) (30 SE2d 797), that damages of lost profits were not too remote or speculative to be recovered in the case at bar." The majority devotes its attention to and places its emphasis upon what it finds to be evidence of lost profits shown with reasonable certainty. Thus, the majority finds the case to be within the exception to the general rule excluding recovery for loss of expected profits. Without commenting upon the sufficiency of the evidence to come within this exclusion, I dissent because I believe the emphasis of the majority is entirely misplaced. While sufficient probative evidence of loss of profits would under appropriate circumstances be admissible as illustrative of damages claimed by the appellee, in this case, the lost profits *were* the damages claimed by and, by the verdict of the jury, recovered by the appellee. Herein lies the fatal defect in the verdict and in the reasoning of the majority because in this type of case the correct measure of damages is "the excess in the value of the term

over the amount agreed to be paid as rent. If no excess, nominal damages only are recoverable. Anticipated profits from a business intended to be carried on by the tenant upon the premises are not recoverable." *Kenny v. Collier,* 79 Ga. 743 (8 SE 58) (1887). See also *Miner v. Graham,* 60 Ga. App. 189 (3 SE2d 211) (1939); and *Shiver v. Burkett,* 74 Ga. App. 195 (39 SE2d 431) (1946). Here there was no evidence showing the value of the term as compared with the rental reserved. *Wideman v. Selph,* supra, cited by the majority is not authority for the decision in this case dealing with a claim by a tenant based upon the landlord's breach of an agreement to lease land to the tenant. *Wideman* involved a landlord-sharecropper arrangement wherein the agreement between the parties specifically envisioned that the compensation of the sharecropper would be a portion of the profits realized. In the instant case, there was no evidence from which the jury could determine damages, if any, in accordance with the measure contemplated by law. Therefore, I believe that verdict based solely on loss of profits is erroneous and that the judgment entered thereon should be reversed.