## 61933. B & D CARPET FINISHING COMPANY, INC. v. GUNNY CORPORATION.

DEEN, Presiding Judge.

B & D Carpet Finishing Co. brought suit against The Gunny Corporation for breach of a contract to supply jute carpet backing for its carpet finishing business. The evidence showed that Gunny had jute available when B & D demanded delivery, but sold the jute to another mill for a much higher price than that called for in the contract with B & D. B & D claimed that the contract breach caused it to shut down its manufacturing process at a time when it had production orders and that there was no source of supply for full cover. B & D sought damages for the loss of its bargain, consequential damages, attorney fees and expenses for bad faith and stubborn litigiousness. The jury awarded B & D $43,532 as direct damages, $37,805 as consequential damages, and $6,000 as attorney fees and expenses. In response to Gunny's motion for a j.n.o.v., the trial court set aside the jury award for consequential damages because "... there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a verdict for defendant as to the issue of consequential damages." B & D appeals from this judgment. *Held:*

Charles Hendry, a certified public accountant who handled all of B & D's accounting work including the preparation of tax returns, testified that the damages claimed were for nonabsorption of fixed costs (salaries, interest, rent, taxes, insurance, utilities, etc.) and did not include a claim for speculative items such as lost profits and variable costs, and that the actual production loss yielded consequential damages of $37,805. The accountant testified at great length as to the accounting methods he used to arrive at the damage figure and that the method used was a regularly accepted accounting procedure. He was cross-examined on both the figures used and the method by which he arrived at them, but no evidence was offered in rebuttal.

Under Code Ann. § 109A-2 — 715 (2) "Consequential damages resulting from the seller's breach include (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise." Official comment 4 to the UCC provides: "The burden of proving the extent of loss incurred by way of consequential damage is on the buyer, but the section on liberal administration of remedies rejects any doctrine of certainty which requires almost mathematical precision in the proof of loss. Loss may be determined in any manner which is reasonable

under the circumstances."

Even prior to the enactment of the UCC provision, Georgia permitted the recovery of the cost of paying idle labor and other items of special damage as consequential damages flowing from a breach of contract. See *Hughes v. Bivins,* 31 Ga. App. 198 (121 SE 590) (1923). " 'The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted.' [Cit.]" *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 615 (194 SE2d 490) (1972). See also *Farmers Mutual Exchange of Baxley, Inc. v. Dixon,* 146 Ga. App. 663 (247 SE2d 124) (1978).

In the present case, Gunny's failure to deliver the jute as provided in the contract resulted in a production loss directly attributable to the breach because B & D was unable to obtain either sufficient cover or a reasonable price for jute that was available. (The price of jute had skyrocketed from the contract price of $.59 and $.64 per linear yard to $1.18 per linear yard for the first quarter of the fiscal year to $1.48 for the third quarter.)

In determining whether B & D met its burden of proof, we find that it has proved the quantum of damages to a reasonable degree of certainty as provided in *Booker* and *Farmers Mutual Exchange,* supra. All of the facts were placed in evidence from which the trier of fact could make a reasonable calculation of B & D's loss.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED MAY 22, 1981.

*Warren N. Coppedge, Jr., James H. Bisson III,* for appellant.
*Joseph T. Tuggle, John P. Neal III,* for appellee.