67747. POTTINGER et al. v. CROSS.

BIRDSONG, Judge.
This is an appeal by Pottinger and Wildeman, d/b/a P&W Construction ("P&W"), of a trial court judgment for $5,000 in favor of Fred Cross. P&W was engaged in the renovation of apartment units into condominiums, and contracted with Cross to do dry-wall and related renovation work. Cross figured the job would run to $12,000-$17,000, but P&W replied it could pay only $12,000. Cross said he would try to do the job for that amount, and testified that P&W agreed to pay whatever cost exceeded $12,000. He also testified that in previous construction projects P&W had always paid him extra for add-on work. All agreements of the parties were oral. On January 15, 1982, Cross (according to his testimony) finished the work, including several add-ons or extras, and P&W inspected the work and paid him $12,000. Thereafter, Cross sought payment for the total cost, but P&W would not pay, saying at that time and at trial there was no agreement to pay more than $12,000 and there had been no add-ons (although at trial P&W admitted there were add-ons).

Ultimately, Cross demanded and then sued P&W for $5,000. P&W counterclaimed for $1,163 actual damages and $100,000 defamation damages, on the basis that after January 15, P&W had asked Cross to return to the site and repair work which had been found unacceptable (which Cross had refused to do until he was paid for the additional amount he claimed), and that the resultant delay in finishing the project cost P&W liquidated damages with the owner and

damage to reputation. The trial court returned a verdict for the plaintiff Cross and nothing on P&W's counterclaim. *Held*:

1. Appellant P&W contends the trial court erred in refusing to enter involuntary dismissal at the close of the plaintiff's case for failure of plaintiff Cross to prove damages with reasonable certainty, and that the judgment for Cross is improper as the evidence is insufficient to support it. P&W cites *Holder v. J. F. Kearley, Inc.*, 153 Ga. App. 843 (267 SE2d 266) for the principle that remote or consequential damages are not allowed whenever they cannot be connected solely to the breach of contract. In *Hosp. Auth. of Charlton County v. Bryant*, 157 Ga. App. 330, 331 (277 SE2d 322), we held: " 'The burden is on the plaintiff to show . . . evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of damages.' " In this case, however, the plaintiff Cross presented receipts and invoices for his work totalling $16,382.12, or $4,382.12 more than he was paid by P&W. The balance of the $5,000 sought ($617.88) was attributed by Cross to his own time and labor which he did not specify except to say his own wage was usually $12-$15 per hour. As a reasonable inference, this would amount to, conservatively, about 51-½ hours of Cross' time and labor for which he sought $617.88.

Appellant's chief objection is that the "nice round figure of $5,000" appears suspicious and vague in itself, and is unsupported by evidence of reasonable certainty. Appellant P&W objects that the $16,382.12 in receipts represented Cross' costs for the entire job, and that there was not reasonably certain proof that the $4,382.12 claimed were for add-ons alone. However, it is not true, as P&W suggests, that the verdict in this case can be sustained only if the $5,000 claimed was for add-on or extra work. The evidence authorized a finding that an agreement existed whereby P&W would pay Cross quantum meruit or, as Cross contended was the agreement, for his additional cost of work over and above $12,000; and Cross presented cost receipts showing a total of $16,382.12 expended on the job. The award for $617.88 time and labor which a reasonable fact finder could find Cross did perform and amounted to at least 51.49 hours, is within the evidence that Cross began work on the project on November 19, 1981, and finished January 15, 1982. The evidence in this case may not show the damages to a certainty, but the ability to *"estimate damages to a reasonable certainty"* is all that is required (*Hosp. Auth. v. Bryant*, supra), and mere difficulty in fixing the exact amount will not be an obstacle to the award. *Kuhlke Constr. Co. v. Mobley*, 159 Ga. App. 777 (285 SE2d 236). See *B&D Carpet Finishing Co. v. Gunny Corp.*, 158 Ga. App. 621, 622 (281 SE2d 354). The verdict was authorized by the evidence, including evidence of past dealings of the parties. See *Colonial Pipeline Co. v. Robert W. Hunt Co.*, 164 Ga. App.

91 (296 SE2d 633).

2. The appellant P&W takes objection to the trial court's refusal to admit into evidence the prime contract between itself and the building owner, which provided P&W would pay $100 liquidated damages for each day of delay in project completion. P&W had to pay $2,800 liquidated damages under this provision and, by counterclaim, sought to charge this amount (with a set-off for add-ons) against appellee Cross for his refusal to return to the job and complete or repair certain unacceptable work. P&W argues the prime contract is admissible and relevant since a subcontractor can be held liable for a prime contractor's loss in liquidated damages under the terms of the agreement between the owner and the prime contractor, citing *Concrete Materials of Ga. v. Smith &c.*, 127 Ga. App. 817 (195 SE2d 219). Cross contends the prime contract is inadmissible because he was not a party to its terms, and had no notice of it, and hence should not be liable under it. See *Concrete Materials of Ga.*, supra; *Albany Phosphate Co. v. Hugger Bros.*, 4 Ga. App. 771, 778 (62 SE 533).

The inadmissibility of such a document, and its inaccessibility as a source of damages against a third person who was not a party to it and not aware of it, seem to be grounded in the generally remote and speculative nature of extending certain damages to one who *ordinarily would not be liable for them*, see *Concrete Materials of Ga.*, supra, p. 822 (emphasis supplied); and could not foresee that his breach would result in such damages, *Albany Phosphate Co.*, supra, pp. 777-778. A different situation might arise where the third party has actual knowledge or notice that his breach will cause another to incur specific or usual damages, which must have been within the contemplation of the parties (*Albany Phosphate Co.*, supra; *Sanford-Brown Co. v. Patent Scaffolding Co.*, 199 Ga. 41, 43 (33 SE2d 422)), or which may be usual or common in the industry. This case might have been one of those situations. However, the trial court clearly acknowledged that if Cross were directly at fault he would be liable for P&W's damages arising from the breach, including liquidated damages which P&W might have been forced to pay. We therefore see no error in the trial court's refusal to admit the prime contract providing for liquidated damages; it would have been surplusage. If the prime contract had been admitted in evidence, it could not have been permitted to change the verdict, because Cross could not in any case be liable for damages he did not cause. The appellant's proof that its liquidated damages for delay in completion of the project were directly due to the appellee's actions or breach of contract, is too vague and uncertain to sustain a verdict on appellant's counterclaim. "The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages." *B&D Carpet*

*Finishing Co.,* supra, p. 622.

There is much evidence in this case concerning the delay encountered in completing the project, but not so much concerning its cause, or proximating it to appellee Cross. The evidence on this point is vague and frequently contradictory. The trial judge found the cause of delay was not, by a preponderance of the evidence, attributable to the appellee Cross, and the evidence supports his finding.

On appeal, the appellate court does not weigh the evidence but looks only to see if there is any evidence to support the trial court's finding. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410-411 (224 SE2d 65). The verdict in the case was fully authorized.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 13, 1984 —
REHEARING DENIED APRIL 5, 1984.

*Donald J. Ellis, Judith A. Denney,* for appellants.
*John F. Sweet,* for appellee.