183 Ga. App. 116 (1987)
358 S.E.2d 279
GILMORE INTERNATIONAL TRAVEL, INC.
v.
EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.
73850.
Court of Appeals of Georgia.
Decided May 28, 1987.
Dana L. Jackel, for appellant.
Michael V. Elsberry, Stephen B. Schrock, for appellee.
SOGNIER, Judge.
Gilmore International Travel (GIT) brought suit against its lessor, The Equitable Life Assurance Society of the United States (Equitable), for fraud and breach of contract in regard to Equitable's alleged violation of a covenant in the parties' lease agreement that provided Equitable would not lease other premises in its complex to businesses similar to GIT. The trial court denied Equitable's motion *117 for summary judgment as to GIT's fraud and breach of contract counts but granted partial summary judgment to Equitable on the issue of lost profits. GIT appeals.
The trial court's order stated: "Concerning the issue of lost profits, partial summary judgment is granted to [appellee] as follows: [Appellant] will not be permitted at trial to recover from [appellee] for lost profits. However, at trial this court will consider whether evidence of lost profits, loss of good will, etc., are relevant for the limited purpose of establishing the value of the leasehold in accordance with the rule enunciated in Carusos, et al. v. Briarcliff, Inc. etc. et al., 76 Ga. App. 346 (45 S.E. 2d. 802) (1947)."
1. Appellant contends the trial court erred by ruling that appellant is precluded from recovering lost profits from appellee as a result of the alleged breach of contract. "The measure of damages recoverable for a lessor's breach of covenant not to rent other stipulated premises for a competing business is the difference in value between the plaintiff's leasehold with the covenant against competition unbroken and the same leasehold with the covenant broken. The value of said leasehold is not controlled by the stipulated rental therefor, nor the profits which the tenant could have realized from the operation of his business without the adjacent competing business. However, allegations and evidence of loss of profits are material to show the damage sustained by the lessee, in accordance with the rule herein stated. [Cits.] ... [E]vidence [of loss of profits] is admissible and pleadings in support thereof proper in order that the jury may properly estimate the value of the leasehold estate before and after the covenant is broken. Therefore, a recovery for loss of profits occasioned by a breach of contract when properly pleaded and proved may be indirectly had." Carusos, supra at 351-352 (2). See also 49 AmJur2d, Landlord & Tenant, §§ 162; 188. We do not find appellant's arguments seeking to distinguish the controlling language of Carusos to be persuasive. The cases cited by appellant, Bass v. Carpenter, 152 Ga. App. 298 (262 SE2d 578) (1979) and Wideman v. Selph, 71 Ga. App. 343 (1, 2) (30 SE2d 797) (1944), both involve lessees prevented by their lessors from cultivating or harvesting crops on the rental property and are thus inapposite to the case sub judice. The trial court's grant of partial summary judgment to appellee on the issue of the recovery of lost profits as a result of the alleged breach of contract is accordingly affirmed.
2. Appellant contends the trial court erred by ruling that appellant is precluded from recovering lost profits from appellee as a result of the alleged fraud. "`It may be stated as a general rule that in tort actions a recovery may be had for loss of profits, provided their loss is the proximate result of the defendant's wrong and they can be shown with reasonable certainty... .' [Cit.]" Norris v. Pig'n Whistle, 79 Ga. *118 App. 369, 373 (1) (53 SE2d 718) (1949). See also Groover v. Dickey, 173 Ga. App. 73, 75 (6) (325 SE2d 617) (1984); Cobb & Eldridge, Ga. Law of Damages (2d ed.), § 2A-8. Thus, the trial court's ruling disallowing appellant from recovering lost profits is, as to the fraud count, erroneous as a matter of law.
Appellee argues, however, that the trial court's grant of partial summary judgment was proper because the evidence of lost profits submitted by appellant was insufficient. After finding that questions of fact exist as to appellant's fraud count, the trial court granted partial summary judgment to appellee on the issue of lost profits, citing Carusos, supra, and reserving until trial evidentiary matters concerning the lost profits. The trial court did not explicitly address lost profits in terms of appellant's fraud count and to the extent the order implicitly held lost profits not recoverable under the fraud count, that decision has been reversed. We see no difference in the proof necessary to ascertain lost profits to show the value of the leasehold before and after the breach of the covenant not to rent other premises to competing businesses, as required by Carusos, supra, and the proof necessary to ascertain lost profits as a result of appellee's alleged fraudulent behavior. Since it is clear that the trial court reserved the issue of lost profits until trial as to the Carusos standard, we do not find it necessary to rule on the sufficiency of the evidence as to the appellant's fraud count. That portion of the trial court's order concerning lost profits pertaining to appellant's fraud count is, accordingly, reversed.
Judgment affirmed in part and reversed in part. McMurray, P. J., concurs. Beasley, J., concurs specially.
BEASLEY, Judge, concurring specially.
I concur, but only because it states the law in Georgia as set out in Carusos v. Briarcliff, Inc., 76 Ga. App. 346, 351 (2) (45 SE2d 802) (1947). The indirect nature ascribed to these damages, which are actually the primary damages allegedly incurred because of the breach, is rather obfuscating and the distinction difficult of application.
I would urge following instead the rule set out in the Restatement, Property, Second, "Damages" § 10.2: "If the tenant is entitled to recover damages from the landlord for his failure to fulfill his obligations under the lease, ... damages may include one or more of the following items as may be appropriate so long as no double recovery is involved: ... (5) if the use of the leased property contemplated by the parties is for business purposes, loss of anticipated business profits proven to a reasonable degree of certainty, which resulted from the landlord's default, and which the landlord at the time the lease was made could reasonably have foreseen would be caused by the default; ... ."
*119 Georgia law does provide as a fundamental principle that: "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." OCGA § 13-6-2.
It certainly appears, from the express covenant in the lease, that the parties contemplated loss of profits to the tenant in the event the exclusivity feature of the lease was violated by the landlord, as profits were the purpose for the tenant's leasing the premises in the first place. To say that they may be considered "indirectly" blurs the gravity of the real loss, for now the tenant has premises which produce a significantly reduced revenue (or at least we must assume, in this summary judgment posture of the case). That leasehold had a particular earning capacity during its term which assertedly has been diminished because of an incursion by the landlord. See Hayes v. City of Atlanta, 1 Ga. App. 25, 32 (6) (57 SE 1087) (1907).
Plaintiff still has the leasehold, so it is presumably of some value to it although it may have no value in the marketplace to another travel agency. And is the jury to determine what the market value was, at the time of the breach, and then again as a consequence of the breach? It is hard to discern how this would be arrived at.
Of course, if lost profits are to be recovered, whether directly or "indirectly," they will have to be proved with sufficient certainty and plaintiff will have to show that they are a result of the breach, that is, that the clients and prospective clients were lost because of the proximity of the competitor.