45333.   FRIED v. FREEMAN.

ARGUED MAY 6, 1970—DECIDED JULY 6, 1970.

*Verlyn C. Baker, James C. Abernathy,* for appellant.

*Charles O. Beard, Jr.,* for appellee.

DEEN, Judge. An action for mere breach of warranty unmixed with fraud sounds in contract, not tort; but where there has been actual fraud mixed with deceit and corruption the party defrauded has his election to sue on the warranty or to bring trover for the property relinquished by him. *Yeomans v. Jones,* 54 Ga. App. 330 (188 SE 62); *Dawson v. Pennaman,* 65 Ga. 698. Under the defendant's evidence in this case a verdict in his favor would be demanded. The plaintiff, however, testified that she never employed the defendant attorney; that she owned no part of her husband's business and was not involved in the various lawsuits relative to it; that she was afraid of Lansky, who had made threats against the family; that she felt Lansky's suit against her husband should be defended; that the defendant advised her that the Lansky suit should be settled and "that I'd better go ahead and give him those [pieces of jewelry] too, that it would be perfectly all right, that it would all be straightened out and that I would be getting the jewelry back, there was nothing wrong with his taking the jewelry . . . he was going to take it to Jefferson Jewelers and take out a loan and to use that money to pay off Mr. Lansky." No loan was ever made, and defendant retained the jewelry. He paid out $3,870.58 on behalf of either plaintiff or her husband or both. The value of the jewelry was also disputed, being between the figures of $4,000 and $12,000. Whether defendant rendered any legal services directly to the plaintiff was also in dispute. Plaintiff might well have hired the defendant to represent either herself or her husband; she might have had an interest in the business and authorized the payment of the value of the jewelry or a part thereof on business debts. But if she did not have any ownership in the business and did not employ the defendant, she could not sell her separate estate composed of tangible personal property to a creditor of her husband in extinguishment of his debts. *Code Ann.* § 53-503; *Reid v. People Bank,* 220 Ga. 368 (138 SE2d 876). (While these events took place prior to the amending statute, Ga. L.

1969, pp. 72, 73, the rule as to personal property is the same.) If, as plaintiff swears, the jewelry was transferred for a special purpose only, known to the defendant, and he took it not for that purpose but to pay certain debts of the husband and retain the balance as a fee owed him by the husband this would be a sufficient fraud on the plaintiff's rights to justify her in rescinding and bringing a trover action to recover the property. These issues are for jury determination, and it was error to direct a verdict in favor of the defendant.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*