65950. WEBSTER et al. v. PURDY et al.

BANKE, Judge.

This is an appeal by the defendants from a judgment in favor of the plaintiffs in a suit to recover damages for breach of a covenant not to compete.

The defendants, Mr. and Mrs. Webster, owned all the stock of EMP, Inc., which operated a personnel employment business in Columbus, Ga. On August 3, 1980, they sold the business to the plaintiffs, Mr. and Mrs. Purdy, for a total consideration of $30,000. The sale contract contained a covenant not to compete, which read, in

pertinent part, as follows: "As a part of this agreement the Websters or any corporation in which the Websters own any stock agree not to enter into any business that might be considered competitive for the period of one (1) year from the date of the signing of this agreement within the following states and counties, to wit: State of Georgia — Muscogee and Chattahoochee Counties; and State of Alabama — Russell and Lee Counties." The contract also contained a provision allocating the $30,000 purchase price in the following manner: Furniture and fixtures, $15,000; covenant not to compete, $10,000; employee and employer lists, $3,000; and good will, $2,000.

Shortly after the sale was consummated, two former employees of the defendants, whom Mr. Webster described as being like daughters to him, left the firm to open their own employment agency in Columbus, known as Career Placements. Although neither of the defendants acquired any financial interest in this new firm or received any compensation from it, there was evidence that they did much to assist in its establishment and operation. For example, Mr. Webster testified that he made interest-free loans totaling $11,500 to the two women, that he furnished furniture for their offices, and that he occasionally performed bookkeeping services for them. In addition, Mrs. Webster admitted that she took out an ad in the yellow pages for the Career Placements on August 13, 1980, only 10 days after the sale contract with the plaintiffs was executed, and that she subsequently wrote letters soliciting business for the firm in which she described herself as its "senior counselor."

The complaint was in two counts, the first seeking $10,000 actual damages for breach of contract and the second seeking $350,000 actual and punitive damages for fraud. The jury awarded the plaintiffs $10,000 for breach of contract. The defendants appeal the denial of their motion for judgment notwithstanding the verdict. *Held:*

" 'Damages growing out of a breach of contract, in order to form the basis of a recovery, must be such as can be traced solely to the breach, must be capable of exact computation, must have arisen naturally and according to the usual course of things from such breach, and must be such as the parties contemplated as a probable result of the breach.' *Sanford-Brown Co. v. Patent Scaffolding Co.,* 199 Ga. 41 (33 SE2d 422) [1945]." *Bennett v. Associated Food Stores,* 118 Ga. App. 711, 714 (165 SE2d 581) (1968). See generally OCGA §§ 13-6-1, 13-6-2 (Code Ann. §§ 20-1402, 20-1407).

There is no evidence in the transcript before us to indicate that the plaintiffs lost any income or suffered any other injury as the result of the defendants' conduct in helping their two former employees establish and operate a competing employment agency. We cannot

accept the plaintiffs' contention that the damage award was supported by the contractual provision allocating $10,000 of the total purchase price to the covenant not to compete. There is nothing in the contract to indicate that this was intended to be a liquidated damages provision, and, indeed, the plaintiffs make no contention that it was intended as such. Rather, they assert that it constituted a stipulation as to the fair market value of the covenant. Assuming *arguendo* that this is so, it does not follow that the jury could base an award of damages on it. In *Shaw v. Jones, Newton & Co.,* 133 Ga. 446, 450 (66 SE 240) (1909), a case involving the sale of a business with good will valued at $10,000, the Supreme Court held as follows: "The question was not what the plaintiffs had paid for the good will. They might have paid more, or they might have paid less, than the good will was really worth, and so might, by acts of the defendant in violation of the contract, have been damaged more, or been damaged less, than the sum paid for the good will. Besides, the acts of the defendant in violation of his agreement, if there were any, might have been of such small consequence or of such short duration as not to amount to a total destruction of the good will which he had sold to the plaintiffs. Upon the breach of a contract of sale of the good will of a business, the measure of damages is the loss suffered by the purchaser by reason of the wrongful acts of the seller constituting the breach, and in estimating such damages all the facts and circumstances tending to show the extent thereof may be considered by the jury; but if the plaintiff fails to furnish sufficient data to enable the jury, with a reasonable degree of certainty and exactness, to estimate the actual damages sustained by the purchaser, then his recovery will be restricted to nominal damages." This reasoning applies with equal force to the alleged breach of the covenant not to compete in the case before us now. Consequently, we must conclude that there was no evidentiary basis for the jury's verdict and that the trial court erred in denying the defendants' motion for judgment notwithstanding the verdict.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 4, 1983.

*Joseph L. Waldrep,* for appellants.
*Stephen G. Gunby, Charles A. Gower,* for appellees.