## A90A2265. WILLIAMSON et al. v. PALMER et al.

(404 SE2d 131)

McMurray, Presiding Judge.

Leland Palmer and Janice Palmer (plaintiffs) filed an application for contempt and a complaint for damages against C. F. Williamson, Jr. and Buddy's Flower Box, Inc. (defendants). They alleged in Count 1 that defendants are in contempt of a court order requiring them to comply with "the provisions of a restrictive covenant in a contract for the purchase and sale of a going business . . ." and restraining defendants from operating "a florist business within a 15 mile radius of Vidalia, Georgia." In Count 2, plaintiffs alleged $25,000 in actual damages as a result of defendants' wilful violation of the covenant not to compete and $25,000 in punitive damages.

The trial court heard plaintiffs' application for contempt and found defendants to be in contempt, ordering them "to cease and desist the direct or indirect operation of the business known as 'The Flower Box' in Vidalia, Georgia. . . ." The issue of damages was later tried before a jury. The evidence revealed the following:

"On July 20, 1982, plaintiffs purchased defendant Williamson's Vidalia, Georgia, flower shop ('Buddy's Florist'). Plaintiffs paid $45,000.00, for the good will[,] inventory, fixtures and equipment of said Florist Business [and defendant agreed] not to compete with [plaintiffs] in a Florist Business within a 15-mile radius of Vidalia, Toombs County, Georgia, while [plaintiffs] continue to operate in the Florist Business."

In "[m]id 1985," defendant Williamson opened a florist business ("Buddy's Flower Box") within "two blocks" of plaintiffs' flower shop. He operated Buddy's Flower Box in violation of the covenant not to compete and continued operating the business in violation of a June 30, 1988, court-ordered injunction, directing defendants to comply with the covenant not to compete. In March 1989, defendant Williamson sold Buddy's Flower Box for $30,000.

As a result of defendant Williamson's violation of the covenant not to compete, plaintiffs lost regular customers to Buddy's Flower Box and experienced decreased sales. More specifically, plaintiffs' sales dropped by $5,663 in the first year of defendants' operation and by another $6,109 in the second year of defendants' operation. Plaintiffs' sales increased in the third and fourth years after defendants began doing business, but these increases were only a fraction of plaintiffs' projected annual rate of growth. (Plaintiff Leland Palmer testified that he projected an annual growth rate of seven percent for the business and that he based this projection on his experience as a Vidalia businessman and on the business' past growth rate, i.e., before defendants began competing.) The jury returned a verdict for plaintiffs, awarding $10,000 in general damages, $17,000 "as punitive dam-

ages" and $2,597.66 as attorney fees. This appeal followed. *Held*:

1. In their first enumeration, defendants contend the trial court erred in failing to direct a verdict on the jury's $10,000 damages award, arguing that "the only evidence offered on these damages was so purely speculative, the jury could not determine lost profits without guesswork."

At the outset, we note that plaintiffs' damages are not limited to lost profits, but encompass all damages incident to defendants' breach of the covenant not to compete. *Gaines v. Crompton & Knowles Corp.*, 190 Ga. App. 863, 864 (1) (380 SE2d 498). Further, "it is 'practically impossible [for plaintiffs] to establish the exact amount or anything near the exact amount of [their] damages and loss. . . .' [*Valdosta Drug Co. v. Mashburn Drug Co.*, 183 Ga. 471, 477 (188 SE 694).]" *Reid v. Bryant*, 100 Ga. App. 105, 110 (4), 111 (110 SE2d 571). " '(T)he ability to "estimate damages to a reasonable certainty" is all that is required, (cit.), and mere difficulty in fixing the exact amount will not be an obstacle to [plaintiffs'] award. (Cits.)' (Emphasis omitted.) *Pottinger v. Cross*, 170 Ga. App. 647, 648 (1) (317 SE2d 850) (1984)." *Annis v. Tomberlin & Shelnutt Assoc.*, 195 Ga. App. 27, 31 (3), 32 (392 SE2d 717). See *Shaw v. Jones, Newton & Co.*, 133 Ga. 446, 449 (8) (66 SE 240).

In the case sub judice, plaintiffs proved that defendant Williamson violated the covenant not to compete for almost four years, deliberately operating a flower shop within two blocks of plaintiffs' store. Plaintiffs also proved that their sales dropped by over $11,000 in the first two years of defendants' operations and that they never achieved their projected annual growth rate after defendants began operating Buddy's Flower Box. Further, plaintiffs proved that they lost 15 customers to Buddy's Flower Box; that decreased revenues caused them to borrow additional money for capital growth and that they will be required to compete with the flower shop defendant Williamson started in violation of the covenant not to compete. This evidence, and evidence showing that florist competition in Vidalia has remained about the same since plaintiffs purchased defendant Williamson's flower shop, is sufficient to sustain the jury's $10,000 general damages award. Compare *Webster v. Purdy*, 166 Ga. App. 183 (303 SE2d 521), where there was no evidence to support an award of damages for the breach of a covenant not to compete.

2. In their third enumeration, defendants claim the punitive damages award was unauthorized because plaintiffs' claim arose from a breach of contract.

" 'Generally, punitive damages are not recoverable for breach of contract, even though the breach may be in bad faith. OCGA § 13-6-10; *Nestle Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328 (265 SE2d 61) (1980).' *Parsells v. Orkin Exterminating Co.*, 172 Ga. App. 74, 76 (322

SE2d 91) (1984)." *Menchio v. Rymer*, 179 Ga. App. 852, 854 (3) (348 SE2d 76). "However, [it has been] held that in an action for breach of contract where there are matters of record relating to fraud for the jury's consideration, exemplary damages can be awarded, as fraud is tortious conduct." (End note omitted.) Cobb & Eldridge, Ga. Law of Damages (3d ed.), § 4-8, p. 77.

In the case sub judice, plaintiffs did not allege fraud in their complaint, nor did they present evidence to prove fraudulent inducement of contract on the part of defendant Williamson. Plaintiffs' claim stemmed solely from breach of the covenant not to compete. Consequently, the jury's verdict for punitive damages must be stricken. See *Menchio v. Rymer*, 179 Ga. App. 852, 854 (3), supra.

3. It is unnecessary to address defendants' second enumeration of error in light of the holding in Division 2 of this opinion.

4. Defendants contend in a fourth enumeration that the trial court erred in failing to allow them the right to opening and closing arguments.

"Where a defendant in a civil case offers no evidence he is entitled to the opening and concluding arguments, and the examination of the defendant by his counsel *while on the stand after call by the plaintiff for cross-examination* on material issues in the case does not constitute the offering of evidence." (Emphasis supplied.) (End note omitted.) Davis & Shulman, Ga. Prac. & Proc. (5th ed.), § 19-21, p. 405. In the case sub judice, defendants contend they were entitled to opening and closing arguments because the only evidence they presented at trial was defendant Williamson's testimony after he was called for cross-examination by plaintiffs. This argument is without merit.

The record shows that defendant Williamson was not only questioned by defendants' attorney after he was called for cross-examination by plaintiffs' attorney, but it also shows that defendant Williamson testified on defendants' behalf after plaintiffs rested their case. Consequently, defendants presented evidence on their own behalf and were therefore not entitled to opening and closing arguments. See Davis & Shulman, Ga. Prac. & Proc., supra. The trial court did not err in refusing defendants the opening and closing arguments.

*Judgment affirmed in part and reversed in part. Sognier, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 25, 1991 —
REHEARING DENIED MARCH 12, 1991 —

*Malcolm F. Bryant, Jr.*, for appellants.

*M. Francis Stubbs*, for appellees.