S95A0897. BARCLAY et al. v. FIRST NATIONAL BANK OF POLK COUNTY.

(462 SE2d 374)

BENHAM, Chief Justice.

In September 1992, Peggy Ruth Barclay co-signed a note with one of her daughters to First National Bank of Polk County (hereinafter "First National"). She had previously submitted to the bank as part of the loan application process a financial statement showing a net worth well in excess of the amount of the loan. In October 1992, she transferred all her property to her husband and another daughter without consideration. When the note subsequently went into default, First National sued Barclay and obtained a default judgment. First National then filed an action against Barclay and her husband and the daughter to whom Barclay transferred property, seeking to set aside the conveyances as fraudulent. This appeal is from the trial court's grant of First National's motion for summary judgment.

"The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void: . . . (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance." OCGA § 18-2-22. Under the cited Code section, a creditor seeking to set aside a conveyance need only show

"the indebtedness, the insolvency of the debtor, and that the deed was voluntary. When these facts are proved, the law conclusively presumes a fraudulent intent and declares the instrument void so far as creditors who held demands against the debtor at the time of the conveyance are concerned. [Cit.]"

*Chambers v. C & S Nat. Bank*, 242 Ga. 498 (1) (a) (249 SE2d 214) (1978).

In the present case, the indebtedness was never denied. Deposition testimony of the defendants that the conveyances in question here left Barclay without property of sufficient value to pay her indebtedness, established that she was insolvent. *Chambers*, supra. The same depositions also established that the conveyances were made

without present consideration, which makes them voluntary within the meaning of the statute. *Brown v. C & S Nat. Bank*, 168 Ga. App. 385 (2) (308 SE2d 850) (1983). It follows, therefore, that the established facts in this case, when applied to the holding in *Chambers*, demanded judgment for First National.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*Dimmock & Hill, J. Carey Hill,* for appellants.
*Robert K. Ballew, Bryan C. Drost,* for appellee.