A96A0911. PHILLIPS et al. v. LEISURE AUTOMOTIVE CORPORATION.
(477 SE2d 380)

McMURRAY, Presiding Judge.

Leisure Automotive Corporation ("the broker") entered into a three-year contract with Leisure Guide of America, Inc. ("Leisure Guide"), for exclusive rights to sell Leisure Guide's customized vans and trucks. The broker promised to provide Leisure Guide with at least 90 purchase orders per month, pay Leisure Guide liquidated damages — based on the number of orders short of this quota, or forfeit a significant portion of its sales territory.

Less then five months after executing the brokerage agreement, Leisure Guide posted a letter to the broker's principal agents, William Ulm and George Phillips, terminating the deal. In this letter, Leisure Guide's owner, Timothy Wayne Phillips, directed Ulm and George Phillips to return Leisure Guide's demonstrator vehicles and "each and every converted van which is in your possession or in the possession of persons to whom you have delivered it for which you

have not paid or the ultimate receiver has not paid." Timothy Wayne Phillips accused Ulm and George Phillips of submitting phony purchase orders to camouflage dearths in the broker's monthly sales quotas and claimed that Ulm and George Phillips unlawfully converted a $33,583.26 check made payable to Leisure Guide "for conversion of six vans which you took from our lot in the middle of the night without our permission some nights ago." Timothy Wayne Phillips alleged that some automobile dealers refused to accept vehicles Leisure Guide manufactured in reliance of the broker's fake purchase orders, asserted that the broker is responsible for any resulting losses and claimed that the broker's failure to satisfy monthly sales quotas triggered Leisure Guide's right to recover liquidated damages under the contract.

The broker filed an action against Leisure Guide and Timothy Wayne Phillips, alleging breach of contract, fraud, bad faith, stubborn litigiousness, interference with business relations and violations under Georgia's Racketeer Influenced & Corrupt Organizations Act. Leisure Guide and Timothy Wayne Phillips denied the material allegations of the complaint and Leisure Guide counterclaimed for fraud, conversion, bad faith, breach of contract and stubborn litigiousness. The trial court later granted partial summary judgment with regard to the broker's breach of contract claim, finding that Leisure Guide wrongfully terminated the contract before providing the broker with "the option to relinquish 'sells territories' instead of paying liquidated damages." The trial court concluded that "the contract could not be terminated for failure to pay such liquidated damages." The trial court then declared that Leisure Guide's "liability [for breaching the contract] shall be determined at a trial on the issue of damages, if any." This appeal followed. *Held*:

1. Fraud, corruption and deceit in the performance of a contract not only render the contract voidable at the election of the injured party, OCGA § 13-5-5, such conduct — if proved — authorizes a broader range of damages than those generally authorized for breach of contract. *Mansell v. Benson Chevrolet Co.*, 165 Ga. App. 568, 569 (2) (302 SE2d 114). See *Fried v. Freeman*, 122 Ga. App. 153, 155 (176 SE2d 458). While the contract in the case sub judice supports the trial court's findings that the broker had an "option to relinquish 'sells territories' instead of paying liquidated damages," Leisure Guide did not terminate the contract merely because the broker failed "to pay such liquidated damages." Timothy Wayne Phillips's deposition testimony reveals that he terminated the broker's right to sell Leisure Guide's products because William Ulm and George Phillips committed unlawful and deceitful acts in performance of the bro-

kerage agreement, to Leisure Guide's detriment.[1] Under these circumstances, the trial court erred in concluding that Leisure Guide wrongfully terminated the parties' agreement. Genuine issues of material fact remain as to the parties' opposing breach of contract claims as well as the scope of their alleged damages. The trial court therefore erred in granting the broker's motion for partial summary judgment. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. Our holding in Division 1 renders it unnecessary for this Court to deal with Leisure Guide's remaining enumerations of error.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 16, 1996.

*Heard, Leverett, Phelps, Weaver & Campbell, R. Chris Phelps, Cynthia G. Weaver*, for appellants.

*J. Hue Henry*, for appellee.

---

[1] Timothy Wayne Phillips' testimony supports the claims he asserted against William Ulm and George Phillips in his March 10, 1994, letter terminating the brokerage agreement. George Phillips, on the other hand, testified during his deposition that he did not submit "false or bogus" purchase orders to Leisure Guide. George Phillips explained that he signed some purchase orders with express permission because "[s]ome dealers would say stuff like, 'If I've got to sign an order, I just don't want to buy the van.'"