A97A0896. HARDEN v. VERTEX ASSOCIATES, INC.
(487 SE2d 12)

ELDRIDGE, Judge.

This action arose from a complaint filed by appellee contractor Vertex Associates, Inc. ("Vertex"), when appellant Scott Harden, D.D.S., contracted with another company to build appellant's new dental office building. A Cherokee County jury found Harden liable to Vertex for breach of contract, fraud, and in quantum meruit. He appeals the judgment entered on the fraud claim and the jury's award thereon of general damages, punitive damages, and "stubbornly litigious attorney's fees." We affirm.

1. Appellant challenges the sufficiency of the evidence to support Vertex's claim of fraud, asserting that the trial court should have granted his motion for directed verdict thereon or, subsequently, his motion for j.n.o.v. In addition, appellant contends that, in the alleged absence of evidence supporting the fraud claim, the trial court erred in entering a judgment for punitive damages.

"A directed verdict is proper only where the evidence with all reasonable deductions therefrom demands a particular verdict; and once the jury has rendered a verdict, the evidence is construed in favor of that verdict when we determine whether a judgment n.o.v. should have been granted." *Tyler v. Bennett*, 215 Ga. App. 87 (1) (449 SE2d 666) (1994); OCGA § 9-11-50. To that end, "[a] plaintiff who claims fraud must show: (1) a false representation by defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from action; (4) justifiable reliance by the plaintiff; and (5) damages." (Citations and punctuation omitted.) *Smith v. McClung*, 215 Ga. App. 786, 787 (452 SE2d 229) (1994). As fraud can be, in itself, of a subtle nature, slight evidence may be sufficient to establish its existence. See OCGA § 23-2-57; *Marshall v. York*, 165 Ga. App. 795 (302 SE2d 711) (1983).

In alleging insufficient evidence to demonstrate fraud, appellant first contends that he made no false representations to Vertex upon which to base a claim of fraud, since at the times he asserted to Vertex and to others that Vertex was "my builder" and "my contractor," appellant "both desired and expected Vertex to build his project"; appellant alleges that it was only later, after April 14, 1992, that he became dissatisfied and contracted with another builder. Thus, appellant argues, the representations made to Vertex were not "false" when made and, therefore, cannot sustain an action for fraud.

This assertion is patently meritless, as appellant testified at trial that as early as February and March 1992, he was seeking bids from other contractors, had not yet made up his mind which company to use as his builder, and had not informed Vertex that he was seeking other bids; this evidence directly contradicts a letter from appellant dated April 1, 1992, to Citizens Bank stating that "[t]he company I have contracted with to build my building, Vertex, is also the company that built your bank in 1984."[1] Thus, through appellant's testimony, alone, sufficient evidence was presented to raise a jury question on the issue of "false representation."

Next, appellant contends that there was no evidence of reliance by Vertex upon any representation made by appellant so as to sustain an action for fraud. In this regard, appellant contends that Vertex never started construction on the office building and was informed of the "falsity" of the notion that it was to be the builder, before performing any services in reliance thereof. We do not agree. Appellant fails to state why Vertex should not have relied on appel-

---

[1] Appellant also asserts that references to Vertex as "my contractor" and "my builder" were promissory in nature as to future acts. However, the record shows that these references to Vertex addressed that party's current status, which status was the basis for the work performed by Vertex at appellant's request and on appellant's behalf.

lant's frequent and documented representations that Vertex was appellant's contractor. Further, the record is replete with evidence of the various actions taken by Vertex in reliance on those representations, i.e., numerous site inspections; daily consultations with appellant regarding plan modifications; extensive revision of architectural plans in order to meet certification requirements; preparation of detailed material lists; development of plans for re-routing sewer lines; and acquisition of a certificate of insurance for the project.

In the case sub judice, Vertex clearly presented sufficient evidence to allow the issue of fraud to go to the jury. *Lister v. Scriver*, 216 Ga. App. 741, 745-746 (456 SE2d 83) (1995). Accordingly, the trial court did not err in denying appellant's motion for directed verdict, denying appellant's subsequent motion for j.n.o.v., and in entering a judgment on the jury's award of punitive damages.

2. Appellant next challenges the jury's award of general damages in the amount of $50,000, contending that: (1) the award was the result of a "confusing" jury charge on the damages element of fraud; (2) no evidence was presented to establish $50,000 as an appropriate award of general damages; and (3) the general damages award to Vertex on the fraud claim is excessive because it is greater than the damages award on the breach of contract claim. These contentions are meritless for the following reasons:

(a) Appellant concedes that the trial court's initial charge on damages followed the "black letter law [from] *Hadley v. Baxendale*, 9 Exch. R. 341 (1854) as domesticated by *Georgia Railroad v. Hayden*, 71 Ga. 518 (1883)," and appellant failed to object to either of the recharges on this issue about which he now complains. "In a civil case, an exception or objection to a charge must be made after the jury is charged and before the verdict." *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164, 166 (464 SE2d 259) (1995).

(b) Our review of the record shows that sufficient evidence was presented to support the jury's award of $50,000 in order to compensate Vertex not just for the $27,000 in lost profits on the construction project itself, but also for actual out-of-pocket expenses incurred for services rendered in preparation for the project, as well as the actual benefit to appellant resulting from the services rendered.[2]

(c) Vertex properly elected to have the judgment entered on the fraud claim, which "authorizes a broader range of damages than those generally authorized for breach of contract"; thus, the general damages award under the fraud claim is not "excessive" simply

---

[2] General damages are those which the law presumes to flow from a tortious act, inherently, and may be awarded without proof of any specific amount. See *Callahan v. Panfel*, 195 Ga. App. 891, 893 (395 SE2d 80) (1990). Herein, appellant does not contest the form of the verdict in awarding general damages to appellee corporation Vertex Associates.

because it does not mirror the amount the jury awarded Vertex under the breach of contract claim. *Phillips v. Leisure Auto. Corp.*, 223 Ga. App. 225, 226 (477 SE2d 380) (1996).

3. We have reviewed the trial court's charge to the jury with regard to the awarding of punitive damages in the case sub judice and can find no error. The trial court made it abundantly clear that an award of punitive damages must be accompanied by a finding of fraud, and the jury so found. Further, at appellant's request, the trial court properly charged the jury on the "clear and convincing" evidence standard with regard to an award of punitive damages. See OCGA § 51-12-5.1. Finally, in an action for breach of contract where there are matters of record relating to fraud for the jury's consideration, it is not error to charge the jury on the law regarding punitive damages. *Williamson v. Palmer*, 199 Ga. App. 35, 37 (404 SE2d 131) (1991), citing Cobb & Eldridge, Ga. Law of Damages (3rd ed.), p. 77, § 4-8.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 18, 1997 —
RECONSIDERATION DENIED MAY 1, 1997 — 

 Before Judge Mills.

*Robertson & Walker, Charles T. Robertson II*, for appellant.
*Russell T. Bryant*, for appellee.