## A96A2147. HIGHTOWER v. KENDALL COMPANY.
### (483 SE2d 294)

SMITH, Judge.

Pro se plaintiff David Hightower filed this action for wrongful discharge against his employer, Kendall Company. He also claimed that Kendall made "mean spirited," false and misleading statements to the Georgia Department of Labor in order to deny him unemployment benefits. Summary judgment was granted in Kendall's favor, and Hightower appeals.

Construed in Hightower's favor, evidence was presented that he was employed as a truck loader at Kendall's warehouse for approximately eight years before he was discharged. He did not work pursuant to a contract but was paid hourly wages as an at-will employee. His supervisor, Joiner, testified via affidavit that Hightower was suspended without pay and then fired following an investigation because Hightower loaded pallets onto outgoing trucks contrary to Joiner's instructions and established company policy.

1. Hightower raises several arguments as to why his termination was wrongful. These arguments are immaterial. "Employment in Georgia is terminable at the will of either party [cit.] so an employee has no entitlement to a certain term of employment unless a contract exists therefor." *Golden v. Nat. Svc. Indus.*, 210 Ga. App. 53 (435 SE2d 270) (1993). It is undisputed that Hightower did not work pursuant to a contract and that his employment was terminable at will. Consequently, it was Kendall's prerogative to discharge Hightower *"with or without cause and regardless of its motives . . .* without liability." (Citations and punctuation omitted; emphasis in original.) *Bendix Corp. v. Flowers*, 174 Ga. App. 620 (330 SE2d 769) (1985). See also *Johnson v. Hames Contracting*, 208 Ga. App. 664, 666 (431 SE2d 455) (1993). Hightower therefore has no claim for wrongful termination.

We note Hightower's contention that Joiner's affidavit was "invalid." Disagreement with another's affidavit testimony does not render that testimony invalid. Additionally, if Hightower wanted to dispute

facts, it was his burden on summary judgment to do so in the trial court. See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Hightower also contends the trial court erroneously failed to conduct a hearing on the motion for summary judgment. Neither party requested oral argument, however, and the trial court consequently did not err in granting the motion without a hearing. *Weir v. McGill*, 203 Ga. App. 431, 433-434 (4) (417 SE2d 57) (1992).

2. The alleged statements by Kendall to the Georgia Department of Labor likewise provide no basis for liability. They were "absolutely privileged and shall not be made the subject matter or basis for any action for slander or libel in any court of the State of Georgia." OCGA § 34-8-122 (a).

3. Hightower's notice of appeal and brief contain new allegations of slander not raised in Hightower's complaint and an extended discussion of the law of libel. He appears to argue that he was libeled by prior warning letters to him, which were attached to Joiner's affidavit. He also alleges that Kendall wrongfully told other employees that he was discharged for theft and dishonesty. These claims were not raised below, and we will not consider them here. See *Long v. Marion*, 182 Ga. App. 361, 362 (355 SE2d 711) (1987), aff'd, 257 Ga. 431 (360 SE2d 255) (1987). Moreover, any argument that the affidavits served as a basis for a libel claim is foreclosed by OCGA § 51-5-8, which states, "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." As for Hightower's additional claim that a negligence claim remains pending, we note simply that although the complaint does mention negligence, Hightower's claim is for wrongful discharge, which is intentional in nature.

4. Hightower contends the trial court's failure to compel Kendall to answer "post judgment" interrogatories rendered its grant of summary judgment premature. The only interrogatories appearing in the record are a set of 54 interrogatories, erroneously styled "in Fi.Fa." served by Hightower on Kendall about six weeks after Hightower filed his complaint. Those interrogatories inquired into several aspects of Kendall's business activities, including pallet handling policies, employee turnover rates and the downsizing of Kendall's other plants. Kendall objected to all but one of these interrogatories on the ground that they were "irrelevant and not calculated to lead to the discovery of relevant, admissible evidence." Hightower moved to compel answers to the interrogatories, but no order on the motion appears in the record.

The motion did not comply with Uniform Superior Court Rule

6.4 in several respects, including the failure to show that a good faith effort was made to resolve discovery disputes prior to filing a motion to compel. Nor did Hightower show how the interrogatories would lead to discovery of relevant evidence. In addition, the interrogatories did not question Hightower's at-will employment status, which was the central issue to be decided. Consequently, the failure of Kendall to answer the interrogatories had no bearing on the trial court's decision. We find no error in the trial court's failure to issue an order compelling Kendall to respond to the interrogatories.

5. On motion by Kendall, the trial court assessed transcript costs of $268.38 and partial attorney fees of $1,000 against Hightower. The sanction was based in part on a lengthy letter from Kendall's attorney to Hightower, written before an answer was filed. In the letter, Kendall's attorney explained in detail the reasons the complaint lacked merit, particularly the clear Georgia law concerning at-will employment, and advised Hightower that he would face frivolous litigation sanctions if he persisted with the lawsuit. In addition, the lawyer advised Hightower to seek counsel and stated that Kendall would not seek costs if Hightower immediately dismissed the lawsuit. Hightower served 54 immaterial interrogatories about a week later, and further litigation obviously ensued. The trial court assessed costs and attorney fees on the ground that continuation of the action constituted frivolous litigation. Hightower has not appealed this order.

Kendall requests that this Court also assess a penalty against Hightower. When the law is indisputably clear concerning the issues raised on appeal, frivolous appeal penalties may be imposed. *Suchnick v. Southern Gen. Ins. Co.*, 196 Ga. App. 687, 688 (396 SE2d 609) (1990). Upon reviewing the record, including the pleadings, discovery requests, Hightower's deposition, and efforts by Kendall's attorney to advise Hightower, and even considering Hightower's pro se status, we agree with the trial court that the complaint lacked merit and that Hightower's pursuit of the claim after having been apprised of the law constituted frivolous litigation. We also agree with Kendall that a frivolous appeal penalty is appropriate. If Kendall's counsel's letter to Hightower, which explained the clear Georgia law that his claim was foreclosed by the employment at-will doctrine, did not put him on notice that his claim was frivolous, the trial court's order certainly did. Even after the assessment of costs and a portion of Kendall's attorney fees by the trial court, however, Hightower continued in his effort to raise arguments completely lacking in merit. Accordingly, we assess a penalty for frivolous appeal against Hightower in the amount of $500 pursuant to Court of Appeals Rule 15 (b). The trial court is directed to enter judgment for a $500 penalty against Hightower and in favor of Kendall upon

return of the remittitur. See *Suchnick*, supra.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 12, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997 —

David T. Hightower, *pro se.*

*Fisher & Phillips, Charles Kelso, Anderson B. Scott*, for appellee.