A98A1866. GARVIN v. SMITH.
(510 SE2d 863)

Judge Harold R. Banke.

Mary Margaret Smith filed an action against James S. Garvin primarily seeking declaratory relief concerning her right to sell a certain tract of real estate.[1] Garvin appeals the summary judgment awarded to Smith.

In August 1990, Smith sold two of three contiguous tracts to Garvin but retained title to a third one, Tract III. By a separate agreement dated June 29, 1990, Garvin received an irrevocable five-year option expiring on June 29, 1995, to purchase Tract III. The

---

[1] Citing *Graham v. Tallent*, 235 Ga. 47 (218 SE2d 799) (1975), the Supreme Court transferred this case to this Court.

agreement also granted Garvin a right of first refusal, provided that "if subject property, i.e. Tract III, is improved by Sellers by erecting living quarters thereon, Purchaser [Garvin] may not exercise his option so long as Seller [Smith] maintains residence thereon (however, should Seller cease to maintain residence thereon, said option to purchase is reinstated). In the event Seller *does erect living quarters thereon, and maintains residence thereon,* Purchaser retains a right of first refusal to purchase subject property. . . ."[2] (Emphasis supplied.)

By letter of March 24, 1992, Smith notified Garvin of her intention to build a permanent residence on Tract III. Although the Smiths began building a home on the property, the work was never completed. Instead, due to her husband's health problems, the Smiths opted to travel extensively in their recreational vehicle ("RV"). During construction, the Smiths occasionally parked their RV on Tract III, and lived in it, using the water, sewer, and electrical hook-ups. After the death of her husband on April 27, 1993, Smith never returned to the property in the RV, and she abandoned all efforts to complete the house. The house was never certified for occupancy.[3]

Smith, through her attorney, directly inquired by a letter dated May 5, 1994, as to whether Garvin had any interest in purchasing Tract III. The same correspondence offered to initiate negotiations for the purchase, or in the alternative, asked whether Garvin would agree to release the option so that Smith could sell the property. Garvin admitted that he "never formally exercised a specific sales agreement or anything like that during the five year period."

After the option period passed, Smith began to market the property. But in November 1996, Garvin attempted to exercise the option. On November 20, 1996, two days prior to a scheduled real estate closing involving a different purchaser, Garvin's counsel sent notice to the parties and to the title insurance company asserting that Garvin had an exclusive purchase option. After Garvin thwarted Smith's efforts to sell the property, Smith filed the underlying action.

The trial court determined that the agreement contained no provision to toll, extend, or suspend the expiration date of the option beyond June 29, 1995. Finding that the two conditions precedent of "building living quarters" on Tract III and "residing there perma-

---

[2] "It is further agreed that Purchaser's option to purchase at the price specified herein shall continue beyond the initial five (5) year term, for an additional thirty (30) years, but may only be exercised if and when Seller, and/or her spouse, Dick Smith, cease to use the premises as her/their primary residence."

[3] A professional real estate appraisal estimated that the house was about 40 percent completed. The house lacked plumbing, finished walls and needed a well drilled and the wiring completed.

nently" did not occur, the trial court held that Garvin's right of first refusal never took legal effect. Because the option had expired by its own terms and the right of first refusal was never activated, the court found that Garvin had no claim of title, lien, or other right in the property at issue. *Held*:

1. Garvin contends that the trial court erred in granting summary judgment to Smith and denying the same to him. We disagree. Where the terms of a contract are plain and unambiguous, the construction of the contract is a question of law for the trial court. *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986); OCGA § 13-2-1. Where the words in a contract are plain and obvious, as here, they must be given their literal meaning. *United States Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (1) (355 SE2d 428) (1987). Absent ambiguity, the interpretation of a written contract is particularly appropriate for summary adjudication. *Foshee v. Harris*, 170 Ga. App. 394, 395 (317 SE2d 548) (1984).

Notwithstanding the explicit contract terms, Garvin contends that Smith's notice of intent to build tolled the option period until Smith gave contrary notice, thereby suspending the option period for 25 months. But the agreement contains no provision for suspending or tolling the five-year option period. Instead, in the event that Smith ceased living on the property before the end of the option period, the purchase option became reinstated.

Moreover, Garvin's effort to substitute other circumstances for the express contractual terms is unpersuasive. Even assuming for the sake of argument only, that Smith had resided on the property in the RV or used the street address for voter registration purposes or telephone or utility billing, such facts cannot replace the plain and explicit terms of the agreement: to "improv[e] [the property] by erecting living quarters thereon." See *Bumgarner v. Green*, 227 Ga. App. 156, 159 (1) (489 SE2d 43) (1997). According to her undisputed testimony, Smith never finished building the house and never resided in the incomplete structure. Therefore, no right of first refusal was created. Since the five-year option term had expired and was not extended, Smith was entitled to judgment as a matter of law. *Foshee*, 170 Ga. App. at 395. See *Lothridge v. First Nat. Bank &c.*, 217 Ga. App. 711, 714 (3) (a) (458 SE2d 887) (1995).

2. Smith moved for sanctions under Court of Appeals Rule 15 (b) for a frivolous appeal. Upon reviewing the record, we cannot agree that a frivolous appeal penalty is appropriate. Compare *Hightower v. Kendall Co.*, 225 Ga. App. 71, 73 (5) (483 SE2d 294) (1997).

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED JANUARY 7, 1999.

*McCalla, Raymer, Padrick, Cobb & Nichols, Carol V. Clark*, for appellant.

*Goodman, Hudnall, Cohn & Abrams, H. Gilman Hudnall*, for appellee.