A03A1092. FULTON COUNTY BOARD OF TAX ASSESSORS
v. HARMON BROTHERS CHARTER SERVICE, INC.
(583 SE2d 179)

BLACKBURN, Presiding Judge.

The Fulton County Board of Tax Assessors (the "BOTA") appeals the trial court's grant of summary judgment to Harmon Brothers Charter Service, Inc. ("Harmon"), arguing that Harmon is not entitled to apportionment of ad valorem taxes on its fleet of buses. For the reasons set forth below, we affirm.

> A de novo standard of review applies to an appeal from the grant of a motion for summary judgment, which grant is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We view the evidence and draw all reasonable inferences in the light most favorable to the nonmovant.

(Footnote omitted.) *A Tow, Inc. v. Williams*.[1]

Harmon provides charter motor coach service for both intrastate and interstate travel. A few of Harmon's buses operate on regular, fixed routes, but most operate on irregular routes, traveling to destinations selected by the groups chartering the buses. In December 1998, Harmon received 1999 ad valorem tax assessments on its buses from the State of Georgia; these assessments made no provision for apportionment of taxes. On January 21, 1999, Harmon, pursuant to OCGA § 48-5-311 (e), filed a notice of appeal with the Fulton

---

[1] *A Tow, Inc. v. Williams*, 245 Ga. App. 661, 662 (538 SE2d 542) (2000).

County Board of Equalization requesting that the ad valorem taxes for each of Harmon's buses that had obtained a tax situs in another state or states be apportioned. On January 25, 1999, Harmon forwarded its PT-95 forms, the forms required by the Georgia Department of Revenue's regulations, to the BOTA to assist it in calculating the disputed assessments.

The BOTA took no action on Harmon's appeal. On August 18, 1999, after a lapse of eight months during which the BOTA failed to act on its appeal, Harmon sent a letter to the BOTA asking that its appeal be decided. Still the BOTA did nothing. Harmon subsequently received ad valorem tax assessments and vehicle registration fees on its buses for tax year 2000 that again made no provision for apportionment of taxes.

On April 27, 2000, over a year and three months after the filing of its appeal, Harmon filed a petition for mandamus in Fulton County Superior Court against various individuals and the BOTA. On May 9, 2000, the superior court entered an order requiring the BOTA to issue a decision on Harmon's appeal within 20 days. By that time, Harmon had filed a second appeal of the 2000 tax assessments.

On August 10, 2000, the Board of Equalization granted Harmon's request for apportionment of ad valorem taxes for both tax years on its buses that had obtained a tax situs in a state or states other than Georgia, as shown by the PT-95 forms submitted by Harmon. The BOTA filed a notice of appeal of the Board of Equalization's decision on the same day in Fulton County Superior Court. Both sides moved for summary judgment. On December 9, 2002, the superior court granted Harmon's motion for summary judgment and denied that of the BOTA, finding that Harmon's buses "are entitled to apportionment consistent with procedures promulgated by the Georgia Department of Revenue in 560-11-7-.04."

The BOTA argues that the trial court erred in granting Harmon's motion for summary judgment and denying its own because Harmon failed to show that its buses acquired a tax situs outside Georgia, and because Harmon did not follow the regulations of the Georgia Department of Revenue in establishing its entitlement to apportionment. We disagree.

"[T]he U. S. Supreme Court has ruled that the Due Process and Commerce Clauses of the United States Constitution require that ad valorem tax on property engaged in interstate commerce must be apportioned if the taxpayer bears its burden of demonstrating that its property has acquired a tax situs in another state." *East West Express v. Collins.*[2] A primary concern behind the requirement that

---

[2] *East West Express v. Collins*, 264 Ga. 774, 775 (1) (449 SE2d 599) (1994).

ad valorem taxes on property engaged in interstate commerce be apportioned is that interstate commerce should not "be subjected to the burden of multiple taxation." *Hawes v. Nat. Svc. Indus.*[3]

In recognition of the prohibition against multiple taxation, regulations of the Property Tax Division of the Georgia Department of Revenue state:

> Motor vehicles and trailers subject to ad valorem tax under OCGA § 48-5-471 may acquire an ad valorem tax situs . . . other than Georgia if, pursuant to their use in interstate commerce, such motor vehicles and trailers are used throughout the previous calendar year either along fixed or regular routes or, alternatively, are habitually employed within a non-domiciliary state, albeit upon irregular routes.

Ga. Comp. R. & Regs. r. 560-11-7-.03 (1). The "Georgia fair market value assessed upon such vehicle ,shall be the value otherwise assessed, multiplied by the 'apportionment ratio,' " which is a ratio of the total miles driven in Georgia and the total miles driven in all states during the tax year. Ga. Comp. R. & Regs. r. 560-11-7-.03 (2), (3).

A taxpayer seeking apportionment of ad valorem taxes must use a form PT-95 to provide a particular vehicle's mileage in Georgia and mileage in other specified states. The PT-95 form "will serve as an affidavit of the correctness of the information" for miles traveled both in state and out of state. Ga. Comp. R. & Regs. r. 560-11-7-.04 (2). Once the taxpayer has made a showing that the property has acquired a tax situs in another state, "the taxing authority must make an appropriate apportionment of the value and impose a tax only on that portion of the value of the vehicle which is appropriate." *East West Express*, supra at 776 (1).

In this case, Harmon submitted, in compliance with the Georgia Department of Revenue's regulations, the PT-95 forms for each of the vehicles for which it sought apportionment. The forms established whether, and to what extent, its respective vehicles were entitled to apportionment of taxation. At this point, the BOTA was required to make an appropriate apportionment of the value and impose a tax on the portion of the value of the vehicle which was appropriate. As the trial court noted, no basis existed for the BOTA's failure to extend apportionment to Harmon. Instead, as the trial court also noted, the BOTA, "in its refusal to permit apportionment of [Harmon's] vehicles, refused to consider its PT-95's." The BOTA had no authority to disregard the PT-95s submitted by Harmon. Once Harmon submit-

---

[3] *Hawes v. Nat. Svc. Indus.*, 121 Ga. App. 775, 782 (5) (175 SE2d 34) (1970).

ted the PT-95s showing that a vehicle operated in a state other than Georgia and could be subjected to tax by that other state, the BOTA was compelled by statute to apportion the ad valorem tax on the vehicle according to the formula set forth in Regulation 560-11-7-.03 (2) and (3). We find it patently clear that the trial court did not err in finding that Harmon was entitled to apportionment of its ad valorem taxes, and also in granting Harmon's motion for summary judgment and denying that of the BOTA.

The BOTA argues that not all of Harmon's buses are entitled to apportionment because not all of them travel outside Georgia. This argument is beside the point. The trial court, in granting Harmon summary judgment, held that Harmon's "vehicles are entitled to apportionment consistent with both federal and state law and in a manner not inconsistent with procedures promulgated by the Georgia Department of Revenue in 560-11-7-.04." Under the regulations, apportionment of ad valorem tax on a particular vehicle is appropriate only when the PT-95s establish a tax situs outside Georgia for that vehicle. Consistent with the regulations, those vehicles for which the PT-95s establish no tax situs in another state will not be entitled to apportionment. The fact that some PT-95s may not establish a particular vehicle's entitlement to apportionment cannot be a basis for denying all of the vehicles apportionment, as the BOTA sought to do.

The BOTA also argues that Harmon is not entitled to apportionment because there is no evidence that it has paid taxes in states other than Georgia. This argument ignores well-settled law. As the United States Supreme Court has stated, "the domiciliary State is precluded from imposing an ad valorem tax on any property to the extent that it could be taxed by another State, not merely on such property as is subjected to tax elsewhere." (Emphasis omitted.) *Central R. Co. of Pennsylvania v. Pennsylvania.*[4] In other words, Harmon had no obligation to show that it was actually paying ad valorem taxes on a vehicle in a state other than Georgia; it had only to demonstrate that, because it operated a vehicle in another state, that other state had constitutional authority to tax the vehicle. The fact that another state has not taxed Harmon's vehicles operating within its boundaries does not give the BOTA the right to appropriate for itself taxes to which that other state may be entitled.

The BOTA's additional arguments are totally without merit. We are deeply disturbed that the BOTA ignored its statutory duties until the taxpayer was forced to the time and expense of filing a manda-

---

[4] *Central R. Co. of Pennsylvania v. Pennsylvania,* 370 U. S. 607, 614 (82 SC 1297, 8 LE2d 720) (1962).

mus petition to compel it to act. Such arrogant disdain for the taxpayer and the law is reprehensible and should not be tolerated by the courts. Moreover, the taxpayer has incurred additional expense because there is no basis for this appeal. It is incumbent upon those who appeal a trial court's ruling to insure that they have a reasonable basis on which to proceed. This is especially true of a government agency spending the taxpayers' money in pursuing an appeal. In this case, there is no basis on which one could reasonably assume that an appellate court would grant the BOTA the relief which it seeks. Accordingly, we assess frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b), in the amount of $1,000 to be paid by the BOTA. Upon return of the remittitur, the trial court is directed to enter a $1,000 judgment in favor of Harmon in the form of a $1,000 penalty against the BOTA. See *Cavin v. Brown.*[5]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 5, 2003.

*Carothers & Mitchell, Richard A. Carothers, Christopher J. Hamilton*, for appellant.

*Mitchell & Associates, Bruce E. Mitchell, R. Keith Whitesides*, for appellee.

